**Alton J. BAILEY, Plaintiff-Appellant,**

v.

**RYAN STEVEDORING COMPANY, INC., et al., Defendants-Appellees.**

No. 74-2544.

United States Court of Appeals, Fifth Circuit.

June 17, 1976.

Johnnie A. Jones, Baton Rouge, La., for plaintiff-appellant.

George Mathews, Baton Rouge, La., for Ryan Steve. Co., Inc., & Baton Rouge Marine Contractors.

Joseph W. Cole, Jr., Port Allen, La., for Local 1830 of Gen. Longshore Workers, Etc.

Robert L. Kleinpeter, Baton Rouge, La., for Rogers Terminal & Shipping Corp., La. Steve., Inc., Ramsay Scarlett Co., Inc., & Baton Rouge Marine Contractors, Inc.

James A. George, Baton Rouge, La., for Local 1833 Gen. Longshore Workers, Etc.

C. Paul Barker, New Orleans, La., for Locals 1830 and 1833.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before COLEMAN and INGRAHAM, Circuit Judges, and O'KELLEY, District Judge.

PER CURIAM:

The Petition for Rehearing on behalf of Locals 1830 & 1833—General Longshore Workers, ILA, AFL–CIO is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appel-late Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also DENIED.

Before BROWN, Chief Judge, WISDOM, GEWIN, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY, GEE and TJOFLAT, Circuit Judges.

CLARK, Circuit Judge (dissenting):

I respectfully dissent.

Democracy is the linchpin of labor union representation. Before the law recognizes any organization as the exclusive bargaining agent of American workers, it requires that a majority of those represented select their own steward in an election process conducted under laboratory conditions. I construe the panel opinion to override the vital associational rights involved in this case on the basis of legal deductions that are contrary to the facts and to valid prior precedent in this circuit.

In Bailey's case, 204 out of the total membership of 232 in Local 1830 signed a statement disavowing his putative representative status as a class action plaintiff. In part, these were their words:

We state Boudreaux, Wells and Bailey do not represent us as a class in their effort to integrate the unions. If the unions are integrated, we will lose (1) our right to equal jobs with the whites, (2) our right to elect our own officers and grievance committees, and (3) our rights to our own meetings and a chance to hold office and act for the black longshoremen to protect their interest.

. . . . .

We do not want these three men, Boudreaux, Wells and Bailey to act for us as a class in this suit and we do not want our Local Union destroyed. We understand that if any of us want to we have the right to join the white union or stay a member of the black union now.

Accepting this overwhelming rejection, this court affirmed the district judge's refusal to allow the action to proceed as a class action.

The panel also found record support for the district court's finding that Bailey's contention of personal employment discrimination was absolutely meritless. The record established that he worked less than other longshoremen solely because he failed to present himself for work under rational, nondiscriminatory employment rules. We likewise affirmed that his failure to qualify for skilled positions was attributable to his high absenteeism and erratic, antagonistic behavior.

Yet without a class and without an individual plaintiff who had suffered any loss from the asserted discriminatory practices or conditions, this court reversed the district judge's refusal of injunctive relief and mandated him to grant Bailey's motion to force the merger of two independent union locals who do not want to merge.

Assuming the court had a plaintiff before it with standing to present a concrete controversy, the prior precedent of this circuit would require the plaintiff to demonstrate *an actual discriminatory effect* before granting such relief. Here the appellate court concludes that, despite the clear proof it finds cogent to deny the class action and individual claim, it must apply a presumption that segregated local union organizations possess "a real *possibility* for discriminatory treatment" and represent "a *threat* of employment discrimination" and that these future contingencies render the trial court's refusal to enjoin an abuse of discretion. With respect, I submit the panel is wrong, bad wrong.

I can take some comfort from the fact that no other judge joins me in this dissent, because it indicates I am in error in concluding that *Bailey* does not slide across the rule that no proof short of actual discrimination will suffice to destroy First Amendment protections abridged here. *Bailey* purports to follow precedent, so next time the question arises at least we can say it did.