See numbered notes on
next page.

Alton J. BAILEY, Plaintiff-Appellant,

v.

RYAN STEVEDORING COMPANY, INC.; Rogers Terminal and Shipping Corp.; Louisiana Stevedores, Inc.; Ramsay, Scarlett and Company, Inc.; Baton Rouge Marine Contractors, Inc.; and Local 1830 and Local 1833, General Longshore Workers, International Longshoremen's Association, AFL–CIO, Defendants-Appellees.

No. 78–1387.

United States Court of Appeals,

Fifth Circuit.

March 14, 1980.

Johnnie A. Jones, Adair D. Jones, Baton Rouge, La., for plaintiff-appellant.

Dodd, Barker, Boudreaux, Lamy & Gardner, C. Paul Barker, New Orleans, La., Joseph W. Cole, Jr., Port Allen, La., Louis L. Robein, Jr., New Orleans, La., for Local 1830 & Local 1833, etc.

Glusman, Moore, Lopez & Wilkinson, James C. Lopez, James A. George, Baton Rouge, La., for Rogers Terminal & Shipping Corp., La. Stevedores, Inc., Ramsay, Scarlett and Co., Inc. & Baton Rouge Marine Contractors, Inc.

Lutz Alexander Prager, Atty., James P. Scanlan, Atty., Washington, D.C., Warren Duplinsky, Bethesda, Md., amicus . curiae.

Before GEWIN, RUBIN and SAM D. JOHNSON, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

. Plaintiff Alton J. Bailey has timely appealed from the December 29, 1977 order of the district court that dismissed his civil rights action under Title VII of the Civil . Rights Act of 1964, 42 U.S.C. § 2000e-2(c). This is plaintiff's second appeal to our Court in this matter. This Court's first opinion, *Bailey v. Ryan Stevedoring Company*, issued on Bailey's first appeal, appears in 528 F.2d 551 (5th Cir.), rehearing and rehearing en banc denied, 533 F.2d 976 (1976), *cert. denied*, 429 U.S. 1052, 97 S.Ct. 767, 50 L.Ed.2d 769 (1977). That opinion thoroughly details the facts in this case and they will not be repeated here.

In this Court's prior opinion and mandate, the district court was ordered to grant plaintiff Bailey's motion for a permanent injunction against the continued operation

of two racially segregated longshore local unions at the Port of Baton Rouge. 528. F.2d at 557. This Court's mandate was initially issued on June 25, 1976. This Court subsequently recalled its mandate to permit the parties to seek review of the decision in the Supreme Court of the United States. Upon the Supreme Court's denial of certiorari, this Court reissued its mandate on January 19, 1977, and ordered the district court to proceed in accordance with the opinion.

In July, 1977, all the defendants moved the district court pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure to set aside this Court's mandate of January 19, 1977 asserting it was contrary to several intervening decisions of the Supreme Court of the United States. Sections 5 and 6 of Rule 60(b) provide that a district court may grant relief from a final order if it would be no longer equitable to give prospective application to the judgment or if any other reason justified relief from the operation of the judgment. The district court entered its order granting the Rule 60(b) motion on December 29, 1977.

In that order, the district court not only dismissed plaintiff's Title VII action, but also refused to enforce this Court's mandate that had been reissued on January 19, 1977. Thus, the district court again denied plaintiff Bailey's request for a permanent injunction merging the two local longshore unions. In a written opinion dated January 27, 1978, the district court explained its dismissal order by stating that the Supreme Court's decision in *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), compelled it to deviate from this Court's mandate. We disagree with the district court's order and opinion. The district court's order of dismissal of December 29, 1977 will be reversed and it will be ordered to comply with this Court's mandate that was reissued on January 19, 1977.

*East Texas Motor Freight System, Inc. v. Rodriguez* does not justify the setting aside of our previous mandate. That case and the present case are not factually similar. In *East Texas Motor Freight System, Inc. v. Rodriguez*, the plaintiffs lacked the requisite standing to assert that a "no-transfer" employment practice of their employer violated Title VII because they did not possess the necessary qualifications for the positions to which they had requested transfer. Consequently, they could suffer no injury from any alleged discriminatory employment practice.

■ Plaintiff Bailey, however, as a member of the black local longshore union, suffers from a threat of employment discrimination in violation of 42 U.S.C. § 2000e-2(c)(2) by the operation of the two racially segregated unions in conjunction with the defendants' 50%–50% hiring practice that required each longshore gang to be composed equally of blacks and whites. In this Court's prior opinion, it was found that the continuous fluctuation in the membership of each segregated local union and the 50%–50% hiring rule represented a real threat of discriminatory treatment. 528 F.2d at 554 n. 6, 557. Since plaintiff Bailey presently suffers from this threat of discriminatory treatment, he has the requisite standing to assert a violation of his statutory rights under Title VII. Thus, *East Texas Motor Freight System, Inc. v. Rodriguez* is inapplicable and plaintiff Bailey was and is entitled to a permanent injunction merging the two segregated local unions into one integrated local union.

■ This Court's mandate of January 19, 1977 is also not contrary to the Supreme Court's decisions in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) and *United Air Lines v. Evans*, 431 U.S. 533, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Both of those cases concerned the issue whether Title VII was violated by bona fide seniority systems that perpetuated the effects of discriminatory employment practices that actually predated the passage of Title VII or that were legally the equivalent to pre-enactment practices because the charge of employment discrimi-

nation had not been filed with the EEOC within the statutory time limits of Title VII, 42 U.S.C. § 2000e-5(e). Even though Title VII extends a measure of immunity to the routine application of bona fide seniority systems, the prospective effect of Title VII does obligate an employer to fill future vacancies on a non-discriminatory basis. *International Brotherhood of Teamsters v. United States*, 431 U.S. at 350–354, 97 S.Ct. at 1862–1864.

█ Plaintiff Bailey has shown that he suffers from a present threat of discriminatory treatment and loss of employment opportunities from the continuing operation of discriminatory employment practices. This violates 42 U.S.C. § 2000e-2(c)(2), and the record indicates that plaintiff Bailey timely filed the necessary charges of employment discrimination with the EEOC. Thus, we are not concerned with the perpetuation of past effects from discriminatory employment practices that actually or legally predated the enactment of Title VII, and plaintiff Bailey is entitled to injunctive relief.

The order of the district court of December 29, 1977 is reversed and vacated, and on remand, the district court is ordered to proceed in accordance with this Court's mandate of January 19, 1977.

REVERSED AND REMANDED.