### Alton J. BAILEY

v.

### RYAN STEVEDORING COMPANY, INC., et al.

#### Civ. A. No. 71–79–B.

United States District Court, M.D. Louisiana.

July 8, 1986.

---

**1248**

William R. D'Armond, Baton Rouge, La., Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, James C. Lopez, Opelousas, La., for defendants: Rogers Terminal & Shipping Corp., Louisiana Stevedores, Inc., Ramsay Scarlett Co., Inc., and Baton Rouge Marine Contractors, Inc.

C. Paul Barker, New Orleans, La., Robert H. Urann, Mietairie, La., for defendant, Locals 1830 and 1833.

Johnnie A. Jones, Baton Rouge, La., for plaintiff.

George Mathews, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, La., for defendant Baton Rouge Marine Contractors, Inc., and Ryan Stevedoring Co., Inc.

Joseph W. Cole, Jr., Port Allen, La., for defendant, Local 1830 of General Longshore Workers, International Longshoremen's Ass'n, AFL-CIO.

POLOZOLA, District Judge:

This matter is before the court for a determination of whether plaintiff is entitled to attorney's fees as the prevailing party in this action. For reasons which follow, the court finds plaintiff was not the prevailing party herein and, therefore, is not entitled to attorney's fees.

The facts of this case were previously set forth in opinions written by Judge E. Gordon West, 443 F.Supp. 899 (M.D.La.1978), and the Fifth Circuit Court of Appeals, 613 F.2d 588 (5th Cir.1980), and will not be repeated in detail here.[1] Alton Bailey filed this suit individually and as a class action claiming the defendants discriminated against him and the class he purported to represent because of his race. Judge West

dismissed the class action after 204 of the approximate 230 members of the class objected to Bailey representing the class. The Fifth Circuit affirmed the dismissal of the class action stating:

It appears, therefore, the views of a majority of the black longshoremen are antagonistic with those of appellant, the would-be standard bearer for the proposed class.

\* \* \* \* . \* \*

In the instant case we conclude that the trial court did not abuse its discretion in denying the class action.

\* \* \* \* \* \*

We perceive no reversible error pertaining to the district court's ruling on appellant's attempt to make a class action out of a grievance which is clearly individual in nature.

528 F.2d at 553–554.

Both the district court and the Fifth Circuit Court of Appeals also found there had been no discrimination and dismissed plaintiff's suit.

The Fifth Circuit stated:

The trial court, however, found that although it is undisputed that appellant has averaged fewer work hours per year than other longshoremen, the evidence does not support a contention of employment discrimination. An analysis of appellant's employment record supports the trial court's conclusion:

Also relating to appellant's availability for job assignment, president of Local 1830, Mark Young, testified that "Bailey was more or less motivated by politics. If he had something pending in the court, and he felt a decision was going to be made, or he got some communication or felt like an election was about to come around, he came around. But right after the election or after he lost a case, Bailey was out of sight for as much as a month or a year.... Bailey showed up less

1. The reported decisions in this case are:

Bailey v. Ryan Stevedoring Co., Inc., 528 F.2d 551 (5th Cir.), reh'g denied, 533 F.2d 976 (5th Cir.1976) and cert. denied, 429 U.S. 1052, 97 S.Ct. 767, 50 L.Ed.2d 769 (1977); Bailey v. Ryan Stevedoring Co., Inc., 443 F.Supp. 899 (M.D.La. 1978), order rev'd, 613 F.2d 588 (5th Cir.), reh'g denied, 618 F.2d 781 (5th Cir.1980) and cert. denied, 450 U.S. 964, 101 S.Ct. 1479, 67 L.Ed.2d 613 (1981).

than the average longshoreman." It is apparent that neither the stevedoring companies nor the union locals discriminated against appellant; rather, it is clear that work was assigned when appellant made himself available. Appellant worked fewer hours than the average longshoreman because he voluntarily elected not to work by absenting himself from the daily shape-ups.

Similarly, the employment decision to exclude appellant from positions of responsibility and special skill (e.g., foreman, pusher and operator) was rationally based. Appellant never applied for admission to the available training programs necessary to qualify for placement in the skilled positions such as crane operator, winch operator and dozer operator. Furthermore, high absenteeism and erratic, antagonistic behavior contributed to the job placement chosen by the stevedoring companies. (Footnotes omitted.)

528 F.2d at 555–556.

However, even though the Fifth Circuit found the record totally void of any evidence of discrimination, the appellate court feared a possible future threat of discrimination if there was not a merger between the white and black longshoremen unions. Thus, the case was remanded to the district court in order for the district court to oversee a merger of the unions. Despite objections made by the plaintiff, Alton Bailey,[2] the leaders of the black and white unions successfully and in an equitable and constitutional manner merged the two unions. The merger has caused few, if any, problems except for the fact that Alton Bailey cannot accept the majority will of the black and white members of the union insofar as elections are concerned and the manner in which the union is to be run.

Named as defendants in the original suit were the unions and several stevedoring companies. This court previously found that the stevedoring companies were not liable for attorney's fees since they had nothing to do with the operation of the unions and had no voice in determining whether there should be a merger of the unions. Furthermore, these companies were not guilty of any discrimination against the plaintiff or the union. Thus, these companies cannot be required to pay attorney's fees to the plaintiff whether plaintiff is a prevailing party or not.

As noted earlier, the court also concludes that plaintiff was not a prevailing party in this suit. *Plaintiff lost his case.* All of the courts which considered this case found there was no discrimination against the plaintiff by any of the parties. But for the fact that the Fifth Circuit Court of Appeals was concerned about the future possibility of discrimination, this case would not be before the court. It can hardly be said plaintiff was a prevailing party in this issue when it is absolutely clear from every opinion written in the case that plaintiff failed to prove his case. Following remand, the unions, working with the court, merged their unions in an expedient manner, even though they had to overcome numerous problems caused by the plaintiff. It is clear that the plaintiff was not a proper representative of any of the unions or their members. As noted earlier, 204 of the 230 black union members opposed plaintiff acting as their representative. It simply would be a travesty to require these union members and their union to pay Bailey's attorney's fees under the facts of this case. Furthermore, to award attorney's fees in a case where the plaintiff has failed to prove his case and thereafter, did what he could to interfere with the orderly merger of the unions as mandated by the Fifth Circuit would not be in accordance with 42 U.S.C. § 1988, the jurisprudence or in the interest of justice. Plaintiff was clearly not the prevailing party in this case. Plaintiff's request for attorney's fees is hereby denied. Judgment shall be entered accordingly.

---

2. Mr. Bailey apparently could not accept the fact that the members of his black union did not want him to be president of the union.