Ted **GRANT**, et al, Appellants,

v.

**AUSTIN BRIDGE CONSTRUCTION COMPANY a/k/a Austin Bridge Company, et al, Appellees.**

No. B14–86–068–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1987.

Harry H. Walsh, III, W.R. Malone, Huntsville, for appellants.

Stephen K. Carroll, Houston, Michael Klein, Austin, Alvin K. James, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order of the trial court withdrawing certification of a class, pursuant to Rule 42 of the Texas Rules of Civil Procedure. The principal issues before this court are whether the trial court abused its discretion in ordering the class decertified and whether this court has jurisdiction to review that interlocutory order. Finding that the withdrawal of class certification is an appealable interlocutory order within the purview of Rule 42 and finding no abuse of discretion in the trial court's order, we affirm.

The question of certification of this class is before the appellate court for a second time. In February 1980 appellant Ted Grant and 127 other named plaintiffs filed the underlying law suit individually and as representatives of a class of persons owning property in the Elkins Lake subdivision in Walker County, Texas. The property owners seek damages from defendants Austin Bridge Construction Company and the State of Texas for pollution of Elkins Lake, impairment of their use and enjoyment of the lake and other recreational facilities, and the consequential reduction in the fair market value of each subdivision lot.

In their petition the property owners allege that Austin Bridge contracted with the State of Texas to build a highway by-pass south of Huntsville, Texas, not far from Elkins Lake and its adjacent residential housing subdivision. In December 1978 and early 1979, heavy rains washed large quantities of fill dirt, sand, clay and silt from the construction site into Elkins Lake and onto subdivision streets, driveways, golf courses and picnic grounds. The property owners claim that deeds to Elkins Lake subdivision contain express contractual provisions giving them the exclusive right to recreational use of the man-made lake and the other recreational facilities in the subdivision. The plaintiffs allege that this property right was damaged and the value of each subdivision lot was diminished. Their claims for relief are based on theories of negligence, common-law nuisance, an unconstitutional taking of private property for public use without compensation, a violation of the Texas Water Code, and an assertion of third party beneficiary status in the contract between Austin Bridge and the State of Texas.

In their Second Amended Original Petition the 128 named plaintiffs assert that "the claims or defense of the representative parties are typical of the claims or defenses of the class.... [T]he representative parties ... will fairly and adequately protect the interest of the class and *vigorously pursue* resolution of their individual claims as well as those of the class." (Emphasis added.)

More than five years after initiating the suit as a class action, the property owners sought and obtained a hearing to determine whether the representative parties would be certified as a class. By order signed August 1, 1985, the trial court certified the class pursuant to Rule 42, Texas Rules of Civil Procedure. Defendants Austin Bridge and the State of Texas appealed the order granting certification to the class. In mid September, while the matter was pending before the appellate court, Austin Bridge served one set of identical interrogatories and requests for admission on each of the 128 named representatives. Upon plaintiffs' motion for an extension of time

to respond to the discovery request, the trial court ordered all 128 named plaintiffs to respond by December 15, 1985. On December 16, 1985, eight responses were filed. The remaining 120 named plaintiffs filed no response within the time set by the court.

Frustrated in its discovery efforts in a six-year-old case, Austin Bridge filed its Motions for Sanctions and Withdrawal of Class Certification. Following the second hearing on the issue of class certification, the trial court ordered the withdrawal of certification and further ordered that the pleadings of the 120 non-responding named plaintiffs be struck. The property owners appeal, contending that the trial court abused its discretion in decertifying the class.

■ Except as authorized by statute no appeal lies from an interlocutory order. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). The appeal presently before the court falls within the statutory exceptions created by the Texas Civil Practice and Remedies Code § 51.014 which provides:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

*        *        *        *        *        *

(3) certifies or *refuses to certify* a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure,.... (Emphasis added.)

■ Rule 42 of the Texas Rules of Civil Procedure, referenced in § 51.014(3), anticipated that the trial court might have cause to reconsider class certification. Subsection (c)(1) of Rule 42 provides first for determination of class status by the trial court. Then, in the sentence immediately following, the rule states, "This determination may be altered, amended or withdrawn at any time before final judgment." Tex.R.Civ.P. 42(c)(1). Withdrawal of certification is a form of refusal to certify and is an appealable interlocutory order within the meaning of § 51.014. A more narrow in-

terpretation would give the trial court the power to circumvent appellate review by first granting then withdrawing class certification.

■ Although the appellant property owners contend that "[t]his is a discovery sanctions case," it is not and cannot be such. The portion of the trial court's order striking the pleadings is interlocutory and is not properly before this court for appellate review. No statute provides for the interlocutory appeal of a discovery sanction. Appeal thereof must await a final judgment disposing of all parties and all issues. *Aldridge*, 400 S.W.2d at 895. Therefore, appellants arguments relating to the propriety of striking the pleadings will not be addressed in this opinion.

■ All points of error asserted by the appellants concern whether the trial court abused its discretion in ordering the class decertified. An order withdrawing class certification is a matter within the sound discretion of the trial court. Tex.R.Civ.P. 42(c)(1). The appellate court will sustain the order of the trial court unless there is a clear abuse of discretion. *Salvaggio v. Houston Independent School District*, 709 S.W.2d 306, 308 (Tex.App.—Houston [14th Dist.] 1986, writ dism'd).

■ After ordering the class decertified, the trial court made no findings of fact or conclusions of law. Hence, all questions of fact are presumed found in support of the judgment, and the judgment must be affirmed if it can be upheld on any legal theory supported by the pleadings and the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Chan v. An-Loc Restaurant, Inc.*, 641 S.W.2d 617, 619 (Tex.App.—Houston [14th Dist.] 1982, no writ). In determining if there is any evidence to support the judgment and the implied findings of fact, the appellate court must consider only the evidence favorable to the implied findings and disregard any contrary evidence. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916, 918 (Tex.1978); *Chan v. An-Loc Restaurant, Inc.*, 641 S.W.2d 617, 619 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■ Numerous legal theories supported by the evidence and pleadings of record sustain the trial court's order decertifying the class. (i) The evidence shows that only eight of 128 named plaintiffs filed timely answers to the interrogatories and requests for admission. This supports an implied finding of gross indifference on the part of 94% of the class representatives and the legal conclusion that the class was not represented by parties who could or would fairly and adequately protect the interests of the class as required by Rule 42(a)(4) of the Texas Rules of Civil Procedure. (ii) If the named parties are typical of the class as a whole, a maximum of 6% of the 1,800 to 2,000 property owners are interested in vigorous pursuit of their claims. In the unlikely event that as many as 6% chose to pursue their claims individually, the number of plaintiffs would still be less than 128, the number of named representatives previously before the court. Such statistics support an implied finding by the trial court that the number of plaintiffs willing to pursue their cause of action vigorously is sufficiently small so as to make joinder of all plaintiffs feasible. Thus, the property owners failed to meet the first prerequisite to maintenance of a class action; Rule 42(a)(1) requires that the class be so numerous that joinder of all members is impracticable. (iii) By their failure to respond to the interrogatories and requests for admission, 120 representative property owners are deemed to have admitted that some of the silt or soil washed from their own property into Elkins Lake. Such an admission of comparative negligence is inconsistent with the assertions in the Plaintiffs' Second Amended Original Petition that the representative parties "will fairly and adequately protect the interests of the class and vigorously pursue resolution of their individual claims as well as those of the class." The admission further supports the legal conclusion that the class was inadequately represented as required by Rule 42(a)(4). (iv) The admission of comparative negligence also supports a finding that the claims and defenses of the 120 non-responding representatives were not typical of the claims and

defenses of the unnamed class members who had not admitted to comparative negligence. The judgment can therefore be supported by an additional legal theory, *i.e.*, that the property owners failed to meet the requirement of Rule 42(a)(3) which mandates that the claims or defenses of the representative parties be typical of the claims or defenses of the class.

Appellants argue that notwithstanding inadequate representation by the non-responding property owners, the eight who did respond to the interrogatories and admissions meet the prerequisites of class representatives and are a sufficient number to represent the class fairly and adequately. However, it is apparent from the statement of facts that the trial court seriously questioned whether a class of concerned plaintiffs desiring to be represented exists. At the conclusion of the class certification hearing, the district judge said, "[I]t doesn't look like many people want to be heard.... If out of 128 named plaintiffs only eight care enough to respond to the court order in a seven year old lawsuit, there is not much interest." These remarks of the trial judge lend additional support to the implied findings of fact and conclusions of law discussed above that gross indifference on the part of the named representatives resulted in inadequate class representation and that the number of plaintiffs willing to pursue their cause of action vigorously is sufficiently small so as to make joinder of all practicable. If there is no necessity for a class, the existence of a few adequate class representatives is immaterial.

■ Appellants erroneously contend that during the pendency of the case the statute of limitations ran on the cause of action of the unnamed class members. They argue that the trial court abused its discretion in ordering the class decertified because decertification amounted to dismissing with prejudice the claims of class members who were not at fault. Appellants cite no authority to support their contention. The Texas appellate courts have not spoken on this issue. Rule 42 of the Texas Rules of Civil Procedure is patterned after Rule 23 of the Federal Rules of Civil Procedure.

Therefore, the federal decisions interpreting class action procedures provide authoritative guidance for the Texas courts. The United States Supreme Court has held that the filing of the original class suit suspends the applicable statute of limitations as to all asserted members of the class. *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983); *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974). The statute of limitations remains tolled for all members of the class until class certification is denied. At that point, class members may elect to file individual suits or to intervene as plaintiffs in the original action. *Parker,* 103 S.Ct. at 2397. We hold that even though the statute of limitations on a class member's individual cause of action would expire during the pendency of a class action, the filing of the class action suspends the applicable statute of limitations as all purported members of the class. Thus, the right to pursue an individual cause of action is not foreclosed by decertification of the class. Any time remaining on the statute of limitations of the unnamed property owners' individual cause of action on the date of the filing of the lawsuit was restored and began to run again on the date the class was decertified.

■ Finally, appellants argue that the trial court abused its discretion in decertifying the plaintiff class against both defendants on the motion of but one defendant. The argument is without merit. The only issue is whether the requisites of a class action as set forth in Rule 42 of the Texas Rules of Civil Procedure have been met and maintained. Where a previously certified class no longer meets any one or all the requirements of Rule 42(a) it is within the discretion of the trial court to dismiss the class. The class then ceases to exist for all purposes and all parties.

Finding no abuse of discretion, we affirm the order of the trial court in withdrawing certification of the class.