In re NORPLANT CONTRACEPTIVE
PRODUCTS LIABILITY
LITIGATION.

Jennifer BURTON

v.

AMERICAN HOME PRODUCTS CORPO-
RATION, a Delaware Corporation d/b/a
Wyeth–Ayerst Laboratories, and Wyeth
Laboratories, Inc.

Theresa GOINS (Harrison) and
Andrea Elaine Haught

v.

AMERICAN HOME PRODUCTS CORPO-
RATION, a Delaware Corporation d/b/a
Wyeth–Ayerst Laboratories, and Wyeth
Laboratories, Inc.

Beverly McDANIEL

v.

AMERICAN HOME PRODUCTS CORPO-
RATION, a Delaware Corporation d/b/a
Wyeth–Ayerst Laboratories, and Wyeth
Laboratories, Inc.

Kristy YOUNGBLOOD

v.

AMERICAN HOME PRODUCTS CORPO-
RATION, a Delaware Corporation d/b/a
Wyeth–Ayerst Laboratories, and Wyeth
Laboratories, Inc.

Nos. 1038, 1:95–CV–5243, 1:95–CV–5360,
1:95–CV–5229, 1:95–CV–5178.

United States District Court,
E.D. Texas,
Beaumont Division.

April 30, 1997.

Chris Parks, Parker & Parks, Port Arthur, Roger Brosnahan, Brosnahan, Joseph & Suggs, Minneapolis, MN, Turner Branch, Branch Law Firm, Alberquerque, NM, for Plaintiffs.

John W. Vardaman, F. Lane Heard, III, Steve Farina, Williams & Connolly, Washington, DC, Paul W. Gertz, Larry Germer, Tonya Connell Adams, Germer & Gertz, Beaumont, for Defendants.

*MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE JUDGMENT OR, IN THE ALTERNATIVE, TO WITHDRAW THE RULING DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIMITATIONS GROUNDS*

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motion to Modify the Judgment or, in the Alternative, to Withdraw the Ruling Denying Defendants' Motion for Partial Summary Judgment on Limitations Grounds filed on April 10, 1997. Plaintiffs filed a response on April 18, 1997. Defendants' motion urges the court to modify or withdraw its Memorandum Opinion and Order Denying Defendant's Motion for Partial Summary Judgment on Limitations Grounds of February 21, 1997 ("Order"). *See In re Norplant Contraceptive Products Liability Litigation,* 961 F.Supp. 163 (E.D.Tex.1997). Upon consideration of the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

### APPLICABLE STANDARD OF REVIEW

▇▇▇ Defendants' motion does not specify the Rule of Civil Procedure under which it is brought.[1] When judgment is entered in favor of a party on summary judgment or other dispositive pretrial motion, the court looks to the time when a motion to reconsider is filed to determine whether it is reviewed pursuant to Federal Rule of Civil Procedure 59(e)[2] or 60(b). "If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (footnote omitted), *cert. denied,* 510 U.S. 859, 114 S.Ct. 171, 126

---

1. Plaintiffs object to Defendants' motion as untimely under Federal Rule of Civil Procedure 59(e) because it was filed more than 10 days after entry of the Order. *See* Mem. in Opp'n to Defs.' Mot. at 2. However, by treating Defendants' motion as a Rule 60(b) motion, the court finds that Defendants' motion was timely filed.

A Rule 60(b)(6) motion need only be filed within a "reasonable time". Fed. R. Civ. P. 60(b).

2. Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

L.Ed.2d 131 (1993). In this case, the court signed an interlocutory order denying Defendants' Motion for Partial Summary Judgment on Limitations Grounds on February 21, 1997.[3] Although the Order was interlocutory upon issuance, it became final and appealable upon the entry of judgment on March 4, 1997.[4] Because Defendants' motion for modification was filed on April 10, 1997, more than 10 days after entry of judgment, the court treats Defendants' motion as a Rule 60(b) motion.[5] Rule 60(b) provides for relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Defendants seek modification or withdrawal of the court's Order in light of the Fifth Circuit's recent opinion in *Vaught v. Showa Denko K.K.*, 107 F.3d 1137 (5th Cir.1997). According to Defendants, "[i]n light of *Vaught*, that ruling [the court's Order] no longer sets forth a correct statement of Texas law." Mem. in Supp. of Defs' Mot. at 3. A change in decisional law may be viewed as grounds for reconsideration under Rule 60(b)(5) [6] or (6).

■ "[A] significant modification in decisional law will permit the district court in its sound discretion to prospectively modify a permanent injunction under Rule 60(b)(5)." *United States v. Georgia Power Co.*, 634 F.2d 929, 934 (5th Cir. Unit B 1981). In this case, however, the court's Order did not result in injunctive relief or for that matter have any prospective effect. *See Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir.) (holding that Rule 60(b)(5) is inapplicable where the judgment has no prospective effect), *cert. denied*, 498 U.S. 829, 111 S.Ct. 89, 112 L.Ed.2d 61 (1990). As a result, Rule 60(b)(5) will not provide grounds for reconsideration of the Order.

■ When a change in decisional law is not of the type that would have preclusive

3. If Defendants had filed a motion for reconsideration of the court's interlocutory Order prior to the entry of judgment on March 4, 1997, the court would have treated such a motion as a Rule 60(b) motion. *See Blankenship v. Allis–Chalmers Corp.*, 460 F.Supp. 37, 40 (N.D.Miss. 1978) (finding without merit the plaintiffs argument that Rule 59(e) applies to interlocutory orders in general or specifically to orders transferring a case under 28 U.S.C. 1404(a)).

4. For purposes of this motion, the entry of judgment date is March 4, 1997. In actuality, however, the judgments for Theresa Goins Harrison, Andrea Elaine Haught, and Beverly McDaniel were entered on March 4, 1997, while the judgments for Jennifer Burton and Kristy Youngblood were entered on March 5, 1997.

5. Unlike a Rule 59(e) motion, "[a] motion under [Rule 60(b)] does not affect the finality of a judgment or suspend its operation." FED. R. CIV. P. 60(b). *But see* FED. R. APP. P 4(a)(4)(F) (stating that a Rule 60 motion filed no later than 10 days after the entry of judgment suspends the period for appeal). Regardless of the court's characterization of Defendants' motion, because Plaintiffs'

Rule 59(e) motion for reconsideration of the court's Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment suspended the period for appeal until its denial on April 9, 1997, Defendants' subsequent motion does not result in additional suspension of the appellate timetables. *See In re Stangel*, 68 F.3d 857 (5th Cir.1995) (quoting *Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 871 (5th Cir.1989)) (" 'The interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purposes of tolling the time for bringing an appeal.' ").

6. A change in decisional law implicates the final ground of Rule 60(b)(5), allowing relief if "it is no longer equitable that the judgment should have prospective application". FED. R. CIV. P. 60(b)(5). "This [provision] is based on the historic power of a court of equity to modify its decree in the light of changed circumstances." 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2863 at 336 (1995).

effect and fall under clause (5) of Rule 60(b), the court has discretion to consider the motion under clause (6).[7] WRIGHT & MILLER, *supra* note 6, § 2864 at 374–76. "Relief under Rule 60(b)(6) will be granted only if extraordinary circumstances are present." *Bailey*, 894 F.2d at 160 (citing *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)). "A change in decisional law after entry of judgment does not constitute exceptional circumstances and *is not alone* grounds for relief from a final judgment." *Bailey*, 894 F.2d at 160 (emphasis added) (citations omitted). The court finds, however, that circumstances warrant at least addressing what effect, if any, the *Vaught* opinion has on the court's Order. As Defendants point out in their motion, the court does occupy somewhat of a special position as overseer of the Norplant Multidistrict Litigation, and therefore, other courts, especially Texas state courts, may look to the court's rulings for guidance. *See* Mem. in Supp. of Defs.' Mot. at 3. Because of the court's unique position and the fact that Defendants filed their motion before the filing of a notice of appeal,[8] the court will address the validity of its Order in light of *Vaught.*

### DISCUSSION

Defendants contend that, in light of the Fifth Circuit's decision in *Vaught v. Sho-* wa Denko K.K., 107 F.3d 1137 (5th Cir.1997), the court should withdraw its Order, grant the motion for partial summary judgment on limitations grounds, and modify the judgment accordingly, or simply withdraw the Order because "that ruling no longer sets forth a correct statement of Texas law." Mem. in Supp. of Defs.' Mot. at 3. The pertinent issue in *Vaught* was whether under Texas law, the *American Pipe* tolling rule[9] applies to mass personal injury suits.[10] Like this court, the *Vaught* court looked to Texas law, specifically *Bell v. Showa Denko K.K.*, 899 S.W.2d 749 (Tex.App.—Amarillo 1995, writ denied),[11] to determine if a mass personal injury class action tolls the statute of limitations for the putative class members. Unlike this court, the *Vaught* court held that, pursuant to *Bell*, "the Rapoport [mass personal injury class] actions did not toll the limitations period for the Vaughts [the putative class members]." *Vaught*, 107 F.3d at 1144. The *Vaught* court concluded:

> In light of *Bell*, we understand Texas' tolling rule to operate as follows: A state (Texas) class action that raises property damage-type claims tolls a Texas statute of limitations pending a certification ruling. And, consistent with our understanding of this Texas tolling rule, *it is unclear* whether, under this rule, a federal class action

**7.** Rule 60(b)(6) "cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60." *Bailey*, 894 F.2d at 160 (citations omitted). Defendants, however, have not sought relief under a specific ground in Rule 60.

**8.** In *Bailey*, the issue on which Bailey asked the district court for relief from final judgment was included in his prior appeal and decided against him. *Bailey*, 894 F.2d at 159 & 160 ("Rule 60(b) does not give the right to reopen litigation finally concluded over two years previously on the grounds of a change in law.").

**9.** When dealing with the tolling of a state statute of limitations, *American Pipe* tolling is not to be construed as tolling mandated by *American Pipe*. In order to avoid confusion, the court will refer to tolling of a state statute of limitations as *American Pipe*-type tolling.

**10.** Before proceeding any further, the court would like to emphasize that its Order did not find that *American Pipe* mandated the tolling of the limitations periods for the Norplant putative

class members during the pendency of the federal Norplant class action. In its Order, the court agreed with Defendants that the application of an equitable tolling rule in a diversity action is an issue of state law. *See In re Norplant Products Liability Litigation*, 961 F.Supp. at 164–66 (E.D.Tex.1997); *see also Vaught v. Showa Denko K. K.*, 107 F.3d 1137, 1145 (5th Cir.1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–53, 100 S.Ct. 1978, 1985–86, 64 L.Ed.2d 659 (1980), for the proposition that "generally, for diversity actions, a federal court should apply not only state statutes of limitations but also any accompanying tolling rules."). Consistent with state law and specifically *Bell v. Showa Denko K.K.*, 899 S.W.2d 749 (Tex.App.—Amarillo 1995, writ denied), the court focused on whether the Norplant class complaint gave Defendants notice of the type and potential number of claims against it in order to determine if tolling was appropriate. *See Norplant.*

**11.** *Bell* is the only Texas case that addresses the issue of whether to apply *American Pipe*-type tolling to a mass personal injury suit.

filed in Texas or in any other State would ever toll a Texas statute of limitations, regardless of the type of claims raised. *Id.* at 1147 (emphasis added). Because "it is unclear", this court is not foreclosed from finding that *American Pipe*-type tolling is appropriate to toll the limitations periods for the Norplant putative class members during the pendency of the federal Norplant class action.

*American Pipe*-type tolling is not a foreign concept to Texas courts. In *Grant v. Austin Bridge Construction Co.*, 725 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1987, no writ), the Fourteenth District Court of Appeals relied on *American Pipe* as persuasive but not binding authority to support tolling the state statute of limitations until class certification was denied in a property damage suit. *Id.* at 370. *Grant* shows. that Texas courts recognize the advantages of tolling a state statute of limitations as long as the defendant has notice of the type and potential number of claims against it. In *Bell v. Showa Denko K.K.*, the Amarillo Court of Appeals distinguished *Grant* as a suit filed in a "Texas state court by plaintiffs who were a readily discernible group of people claiming injury to certain property rather than personal injury." 899 S.W.2d 749, 758 (Tex.App.—Amarillo 1995, writ denied). In refusing to extend *Grant* "to hold that the filing of a mass personal injury suit, in a federal court, in another state, with the variety of claims necessarily involved in such a case, entitled a plaintiff to a tolling of the limitations period such as in *American Pipe*," *id.*, the *Bell* court stated that the nature of the suit in *Grant* was an important distinction "in determining whether the defendants have received fair notice of the existence of a claim by the filing of a class suit." *Id.*

In *Vaught*, the Fifth Circuit interpreted Texas' tolling rule in light of *Bell* as follows: "A state (Texas) class action that raises property damage-type claims tolls a Texas statute of limitations pending a certification ruling." *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1147 (5th Cir.1997). Presumably, such a class action would give a defendant fair notice of the type and potential number of claims against it. This court's Order, which focused on whether the Norplant class complaint gave Defendants notice of the type and potential number of claims against it, *see Norplant*, 961 F.Supp. at 166–67, is entirely consistent with the *Vaught* court's understanding of Texas' tolling rule. Although the Norplant class complaint alleges a variety of claims, Defendants themselves contend that all of Plaintiffs' claims share at least two elements to be proven. "Plaintiffs must prove (i) that the warnings Wyeth provided to their prescribing physicians failed adequately to disclose the possible risks associated with the contraceptive and (ii) that this alleged deficiency was the legal cause of their injuries." Mem. in Supp. of Defs.' Mot. for Summ. J. at 2. As for the potential number of claims, Defendants need look no further than the number of Norplant Systems prescribed and inserted to ascertain that figure.[12] Unlike the uncertainty in the potential number of claimants in *Bell* and *Vaught*, which both involved the over-the-counter nutritional supplement L-tryptophan,[13] Norplant users are readily quantified through Defendants' own sales data. Because Plaintiffs' class complaint provides Defendants with notice of the type and potential number of claims against it, the court is of the opinion that the state limitations periods were tolled during the pendency of the federal Norplant class complaint.

### CONCLUSION

Because the court's Order is consistent with the *Vaught* court's understanding of Texas' tolling rule, and because *Vaught* does not foreclose this court from finding that a

12. Defendants have recognized that more than 800,000 Norplant Systems were prescribed and inserted during the three year period, 1991–93, that Plaintiffs Burton, Haught, McDaniel, and Youngblood began using Norplant. Mem. in Supp. of Defs.' Mot. for Partial Summ. J. on Limitations Grounds at 1.

13. L-tryptophan, by its very nature as an over-the-counter nutritional supplement, is a difficult drug to monitor. Unlike Norplant, which involves the surgical insertion of one contraceptive system per person, once L-tryptophan is obtained, the amount used and the identity of the user can vary.

federal class action tolls the state limitations periods, the court DENIES Defendants' Motion to Modify the Judgment or, in the Alternative, to Withdraw the Ruling Denying Defendants' Motion for Partial Summary Judgment on Limitations Grounds.