# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

———————

No. 25-20006

———————

Dorothy Ackerman; Mary Ackerman; Sylbestre Aburto; Hunter Brian Adams; Claude Bartholomew Adams, Et al.

*Plaintiffs—Appellants*,

*versus*

Arkema Incorporated,

*Defendant—Appellee*,

_____

Manuel Cruz; Gabriela Cruz,

*Plaintiffs—Appellants*,

*versus*

Arkema Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:24-CV-1588, 4:24-CV-1589

_____

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.
JENNIFER WALKER ELROD, *Chief Judge*:

Plaintiffs–Appellants in this case were members of a federal class action seeking recompense for property damage caused by chemical explosions at Defendant–Appellee Arkema Inc.'s industrial plant. After the district court certified a class for injunctive relief but not monetary damages, Appellants filed individual actions in Texas state court seeking monetary damages. According to Appellants, the pending federal class action tolled the state limitations period. Arkema removed the cases to federal court and moved to dismiss the claims, contending that Texas law does not recognize cross-jurisdictional tolling of state statutes of limitations. The district court dismissed the claims as untimely, determining that our binding precedent forecloses cross-jurisdictional tolling. We agree and AFFIRM.

I

In the days after Hurricane Harvey, a series of chemical explosions occurred at Arkema's industrial plant in Crosby, Texas, after a loss of power caused the plant's cooling systems to fail. The explosions released toxic, flammable chemicals into the surrounding community, forcing residents to evacuate and leaving properties contaminated with oily, chemical-laden ash and film.

Thirty days after the last explosion, property owners and lessees in the affected area—including Appellants—filed the *Wheeler* putative class action in the Southern District of Texas,[1] asserting federal statutory claims and state-law negligence, trespass, and public nuisance claims and seeking injunctive and monetary relief for all persons with property interests within

_____

[1] *Wheeler v. Arkema France S.A.*, No. 4:17-cv-2960 (S.D. Tex.).

seven miles of the plant. In May 2022, the district court certified a Federal Rule of Civil Procedure 23(b)(2) class for injunctive relief but declined to certify a Rule 23(b)(3) class for monetary damages. In June 2024, the district court approved a class settlement that addressed injunctive relief but not monetary damages.

In April 2024, almost 800 members of the *Wheeler* class filed individual actions in Texas state court seeking monetary damages—including Appellants, who filed their state-court lawsuits on April 4, 2024, and April 9, 2024, respectively. Appellants' suits alleged state-law causes of action for negligence, gross, negligence, negligence *per se*, negligent misrepresentation, trespass, and private nuisance. Appellants admitted in their pleadings that: (1) their causes of action had accrued on September 3, 2017; (2) their claims were subject to a two-year limitations period under Tex. Civ. Prac. & Rem. Code § 16.003; and (3) they filed their claims in April 2024, almost six years after they had accrued. But Appellants pleaded that the pending *Wheeler* federal class action operated to toll the state limitations period.

Arkema removed Appellants' cases to federal court on the basis of diversity jurisdiction and then moved to dismiss, contending that their claims were untimely because Texas law does not recognize cross-jurisdictional tolling of the statute of limitations. The district court consolidated the cases and granted Arkema's motions, concluding that our precedent dictates that cross-jurisdictional tolling is not available and that policy considerations did not compel a different result. Appellants timely appealed.

II

We review a district court's decision on a Rule 12(b)(6) motion *de novo*, accepting all well-pleaded facts as true and viewing the facts in the light most favorable to the plaintiff. *Ferguson v. Bank of N.Y. Mellon Corp.*,

802 F.3d 777, 780 (5th Cir. 2015). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024) (quoting *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014)).

## III

Arkema contends that dismissal of Appellants' claims is proper because the statute of limitations has run and cross-jurisdictional tolling of the limitations period is foreclosed under our precedent. Appellants disagree, asserting that policy considerations indicate that Texas courts would recognize cross-jurisdictional tolling in this specific instance. We agree with Arkema. Reviewing *de novo*, and adhering to our binding precedent, we hold that Texas courts would not extend cross-jurisdictional tolling to Appellants' claims and that the district court therefore properly dismissed the claims as untimely.

## A

In *American Pipe & Construction Co. v. Utah*, the United States Supreme Court held that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974); *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) (clarifying that a class action tolls the statute of limitations for all asserted members of the class, not just potential intervenors).

Texas intermediate appellate courts have imported the *American Pipe* tolling doctrine into the Texas state class action context. This began with *Grant v. Austin Bridge Construction Co.*, which held that "even though the [state] statute of limitations on a class member's individual cause of action

would expire during the pendency of a class action, the filing of the [Texas] class action suspends the applicable statute of limitations as to all purported members of the class." 725 S.W.2d 366, 370 (Tex. App.—Houston [14th Dist.] 1987, no writ). Although the Supreme Court of Texas has not yet weighed in on "whether a tolling doctrine similar to the one recognized in *American Pipe* applies under Texas law for class actions, every case from an intermediate Texas appellate court that has addressed the issue . . . has recognized that a similar doctrine exists under Texas law." *Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320, 332 (Tex. App.—Austin 2017, no pet.).

Texas courts have not extended *Grant* to allow cross-jurisdictional tolling—i.e., to allow a *federal* class action to toll a *state* statute of limitations. The one Texas intermediate appellate court to consider this issue declined to apply *American Pipe* tolling to a Texas personal injury action based on a federal class action filed in New Mexico. *See Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757–58 (Tex. App.—Amarillo 1995, writ denied).

In 1997, we characterized Texas's approach to *American Pipe*, as articulated in *Bell*, as follows:

> A state (Texas) class action that raises property damage-type claims tolls a Texas statute of limitations pending a certification ruling. And, consistent with our understanding of this Texas tolling rule, it is unclear whether, under this rule, a *federal* class action filed in Texas or in any other State would ever toll a Texas statute of limitations, regardless of the type of claims raised.

*Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1147 (5th Cir. 1997) (emphasis in original). In 2008, we reaffirmed our understanding of this issue, holding that "the Texas courts likely w[ould] not extend *American Pipe* tolling" to toll Texas state-law claims based on the filing of a federal class action. *Newby*

No. 25-20006

*v. Enron Corp.*, 542 F.3d 463, 472 (5th Cir. 2008). Since *Newby*, Texas courts have not readdressed this cross-jurisdictional tolling issue.

B

*Vaught* and *Newby* control. *See Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th Cir. 2000) ("[A] prior panel's interpretation of state law has binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong." (internal citations omitted)). And although these cases recognize *Bell*'s statement that tolling requires the defendant to have "notice of the type and potential number of the claims against it," 899 S.W.2d at 758, they both ultimately read *Bell* to bar cross-jurisdictional tolling specifically because "the state rules for tolling are based on state, not federal, law," *Newby*, 542 F.3d at 472. They therefore conclude that Texas courts would not toll the state statute of limitations in light of a federal class action.

Appellants' arguments that there are exceptions to this bar on cross-jurisdictional tolling—such as when certain types of claims or at issue or when defendants have fair notice of the claims—are unavailing. *Newby* considered and rejected such arguments, expressly abrogating district court cases holding that Texas courts would allow cross-jurisdictional tolling for property-related claims or where defendants had fair notice. *See id.* (abrogating *Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F.Supp.2d 506, 518 (N.D. Tex. 2001); *In re Norplant Contraceptive Prods. Liab. Litig.*, 173 F.R.D. 185, 189 (E.D. Tex. 1997)).

In the absence of any subsequent Texas decisions rendering our *Erie* guesses in *Vaught* and *Newby* clearly incorrect, we adhere to their holdings.

No. 25-20006

We AFFIRM our learned district court colleague's dismissal of Appellants' claims as untimely.[2]

_____

[2] In deciding this appeal, we considered whether to certify the question of cross-jurisdictional tolling to the Supreme Court of Texas. We ultimately concluded that certification would not be appropriate in this case. Neither party raised certification in its briefing. When asked at oral argument whether certification would be helpful, Arkema's counsel firmly stated that it would not, and Appellants' counsel only said that it would be helpful with some reluctance and after repeated questioning. Furthermore, this does not appear to be a close question under *Bell*, which is the only Texas case to have considered the issue. *See In re Gabriel Inv. Grp., Inc.*, 24 F.4th 503, 507 (5th Cir. 2022) (The Fifth Circuit considers several factors in deciding whether to certify a question to the Supreme Court of Texas, including "the closeness of the question and the existence of sufficient sources of state law.").

No. 25-20006

HAYNES, *Circuit Judge*, dissenting in part:

I respectfully dissent from affirming at this time as I think we should certify a question to the Texas Supreme Court to seek an opinion on this subject.[1]

As the United States Supreme Court noted, where someone is part of a class action, that person's individual case on the same issues should have its statute of limitations suspended. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974). That makes a great deal of sense because making individuals file a bunch of litigations while having a class action adds a lot of cases to courts which might not be needed. Even if put "in abeyance," they are still on the court's list for no good reason given the pending class action. If the class action resolves all issues, then the individuals will never have to sue. If it does not, then the statute of limitations should come back in play, and they should sue if they wish within that time period.

The majority opinion notes that Texas courts have applied *American Pipe* to class actions pending in Texas state courts. The Texas Supreme Court has not ruled on whether that also applies to class actions pending in federal courts. The majority opinion relies on our prior cases that ruled on what they thought the Texas Supreme Court would do. *See Newby v. Enron Corp.*, 542 F.3d 463 (5th Cir. 2008); *Vaught v. Showa Denko K.K.*, 107 F.3d 1137 (5th Cir. 1997).

---

[1] Although I think that one party is supporting sending this to the Texas Supreme Court, even if neither party requests it, the Texas Supreme Court does not require that we have a request from one of the parties for us to certify a question to that court. TEX. R. APP. P. 58.1. *See In re Norris*, 413 F.3d 526, 526–27 (5th Cir. 2005); *see also Brown v. City of Houston*, No. 21-20302, 2022 WL 989364, at *2 (5th Cir. Apr. 1, 2022) ("[W]e may certify a question sua sponte.").

No. 25-20006

To me, it makes little sense to require individuals to file individual cases when there is already a case in which they are part of a class addressing their specific issues. I don't think state district courts want to have a bunch of abeyance cases sitting in their office awaiting a class action decision. Nor would it make sense to make the individuals litigate the issues that the class action is litigating. That is the whole reason for the class action to resolve the issues in one case and why it makes sense to suspend the statute of limitations.

The majority opinion declines to certify a question to the Texas Supreme Court on this issue. I respectfully dissent because that court's decision is to what we should adhere. Of course, if the Texas Supreme Court declined to answer the certified question, I would affirm based on our rule of orderliness, though I disagree with our prior cases on this issue.

Accordingly, I respectfully dissent.