Alton J. BAILEY, Plaintiff–Appellant,

v.

RYAN STEVEDORING COMPANY, INC., et al., Defendants–Appellees.

No. 89–3536
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1990.

Johnnie A. Jones, Jones & Jones, Baton Rouge, La., for plaintiff-appellant.

Jerry L. Gardner, Jr., Gardner, Robein & Healey, Metairie, La., for ILA, Local 3033.

Wm. R. D'Armond, Melanie M. Hartmann, Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Thomas E. Balhoff, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for Rogers Terminal, La. Stevedores, Ramsay, B.R. Marine.

Before WILLIAMS, HIGGINBOTHAM, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellant, Alton J. Bailey, appeals from the denial of his Motion to Reopen for Reconsideration his motion for attorney's fees, costs, and expenses. Because we find that the district court did not err in denying reconsideration, we affirm.

I

In 1971 Bailey filed his original complaint against five stevedoring companies and two local unions of the ILA, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The district court dismissed Bailey's lawsuit against all defendants, finding that he failed to prove that any discriminatory employment practices existed. The Court of Appeals affirmed. *Bailey v. Ryan Stevedoring Co., Inc.,* 528 F.2d 551 (5th Cir.1976), *rehearing denied,* 533 F.2d 976 (5th Cir.1976), *cert. denied,* 429 U.S. 1052, 97 S.Ct. 767, 50 L.Ed.2d 769 (1977). This court upheld the district court's ruling dismissing all claims against the stevedoring companies, and the ruling that there had been no discrimination against Bailey. This court did find that there was a danger of future discrimination when segregated unions were maintained, and directed the district court to issue a permanent injunction against the continued operation of segregated local unions. After further litigation, the unions finally merged.

On June 14, 1983, Bailey filed a motion for attorney's fees. With respect to the stevedoring companies, the district court held:

[T]he stevedoring companies were not liable for attorney's fees since they had nothing to do with the operation of the unions and had no voice in determining whether there should be a merger of the unions. Furthermore, these companies were not guilty of any discrimination against the plaintiff or the union. Thus,

these companies cannot be required to pay attorney's fees to the plaintiff whether plaintiff is a prevailing party or not.

On July 10, 1986, the court denied Bailey's entire request for attorney's fees as to all parties, finding that Bailey was not a prevailing party. On December 17, 1986, this court affirmed. 808 F.2d 55 (5th Cir. 1986). The Supreme Court denied certiorari on October 5, 1987. 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987).

Following the Supreme Court's decision in *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), Bailey sought to reopen this case. He based his motion for reconsideration on Rules 60(b)(5) and (6), Fed.R.Civ.P., which provide circumstances in which a party may be relieved from a final judgment. The district court denied Bailey's motion on July 7, 1989, and Bailey appeals.

## II

The district court's refusal to allow reconsideration of a final judgment under Rule 60(b) will be reversed only if the district court abused its discretion. *Browder v. Director, Dept. of Corrections of Illinois,* 434 U.S. 257, 263, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978), *reh. denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *Federal Savings and Loan Ins. Corp. v. Kroenke,* 858 F.2d 1067 (5th Cir. 1988); *Williams v. Brown & Root, Inc.,* 828 F.2d 325 (5th Cir.1987); *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604 (5th Cir.1986). The appellant must show that the "denial must have been so *unwarranted* as to be an abuse of discretion" in order to get the relief sought. *Stipelcovich,* 805 F.2d at 604 (quoting *Seven Elves v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981)). Review also is limited to

the trial court's denial of the Rule 60(b) motion, and cannot be extended to review the case's underlying merits. *United States v. O'Neil,* 709 F.2d 361, 373 (5th Cir.1983). Bailey has failed to show such an abuse of discretion.

First, the appellees contend that because the Supreme Court denied certiorari when the attorney's fees issue was before it previously, Bailey should be foreclosed from reopening the case under Rule 60(b) as a matter of law. The Third, Eighth, and Tenth Circuits have refused to allow cases to be reopened after the Supreme Court's denial of certiorari when the motion for reconsideration was based on an intervening change in the law. *Seese v. Volkswagenwerk,* 679 F.2d 336 (3d Cir.1982);[1] *Carter v. Romines,* 593 F.2d 823 (8th Cir. 1979); *Collins v. City of Wichita, Kansas,* 254 F.2d 837, 839 (10th Cir.1958).

In this case the issue on which Bailey asks the district court for relief from final judgment was included in his prior appeal and decided against him. He may not ask now for the district court to rule again on the very issues decided on appeal.

Bailey sought attorney's fees under § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), and pursuant to 42 U.S.C. § 1988, which provide for an award of attorney's fees to the prevailing party in a civil rights suit. The district court found that Bailey was not a prevailing party, for no judgment was rendered against the stevedoring companies, and Bailey lost his individual claim of discrimination and his attempt to maintain a class action. Even though the unions were required to merge, there was no judgment in Bailey's favor. The decision not to allow recovery of attorney's fees was appealed and affirmed, and certiorari was denied. There has been no allegation of fraud, mistake, or new evidence. Bailey argues, however, that the

---

1. The Third Circuit held that "[t]he district court is without jurisdiction to alter the mandate of the court of appeals on the basis of matters included or includable in defendants' prior appeal." *Seese,* 679 F.2d at 337, citing *Eutectic Corp. v. Metco, Inc.,* 597 F.2d 32, 34 (2d Cir. 1979); *Tapco Products Co. v. VanMark Products Corp.,* 466 F.2d 109, 110 (6th Cir.1972).

*[S]ub judice* "means 'under judicial consideration' or in court and not yet decided." Black's Law Dictionary 1277 (5th ed. 1979). We thus hold that the Supreme Court's denial of certiorari ended this litigation, and the case was not *sub judice* when the defendants made their Rule 60(b)(6) motion.
*Seese,* 679 F.2d at 337.

prior judgment denying his request for attorney's fees is erroneous under the new Supreme Court decision in *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. —, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). In *Garland*, the Court held that to recover attorney's fees under 42 U.S.C. § 1988, the plaintiff need not prevail on the "central issue," but only on a "significant issue." Bailey argues that he was denied attorney's fees on the ground that he had not prevailed on the central issue in his case and, therefore, his case was decided using an incorrect legal standard. Contrary to Bailey's assertions, Rule 60(b) does not give the right to reopen litigation finally concluded over two years previously on the grounds of a change in the law.

Rules 60(b)(5) and (6), Fed.R.Civ.P., provide:

> On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (5) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> >
> > (6) Any other reason justifying relief from the operation of the judgment.

■ Rule 60(b)(5) is inapplicable on its face. No relevant judgment has been satisfied, released or discharged. Nor has a prior judgment upon which the denial of attorney's fees was based been reversed or otherwise vacated. Bailey cannot contend that the judgment in this case was "based" on the appellate court's decision in *Garland*. The First Circuit has interpreted that clause as follows:

> For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense. It is not sufficient that the prior judgment provides only precedent for the decision.

It should be noted that while 60(b)(5) authorizes relief when a judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.

*Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 650 (1st Cir. 1972) (citations omitted). The Court of Appeals' decision in *Garland* was not even cited by the panel affirming the denial of attorney's fees in this case.

■ The last clause of 60(b)(5) is also inapplicable. It provides relief from a final judgment when it is no longer equitable that the judgment shall have prospective application, but the judgment in this case has no prospective effect. *See Cook v. Birmingham News*, 618 F.2d 1149 (5th Cir. 1980).

■ Bailey also cannot rely on the catch-all clause of Rule 60(b)(6), for that rule cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60. *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788 (5th Cir.), *cert. denied*, 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). Even if Bailey could rely on 60(b)(6), he has failed to allege extraordinary circumstances warranting relief. Relief under Rule 60(b)(6) will be granted only if extraordinary circumstances are present. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment. *McKnight v. United States Steel Corp.*, 726 F.2d 333, 336 (7th Cir.1984); *Title v. United States*, 263 F.2d 28, 31 (9th Cir.1959).

### III

The desire for a judicial process that is predictable mandates caution in reopening judgments. *Fackelman v. Bell*, 564 F.2d 734 (5th Cir.1977). Bailey has failed to

meet the requirements of Rule 60(b)(5), and has failed to state any exceptional circumstances allowing relief under Rule 60(b)(6). The district court did not abuse its discretion in refusing to reconsider the final judgment denying attorney's fees.

AFFIRMED.