# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-51423
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIGUEL ANGEL JAIMES-JURADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:00-CR-37-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Jaimes-Jurado, federal prisoner # 04105-180, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal of the dismissal of his FED. R. CIV. P. 60(b)(6) motion. Jaimes-Jurado's motion sought leave to reinstate the appeal of his sentence to concurrent terms of 240 months of imprisonment, which was imposed after pleading guilty to one count of illegally reentering the United States after having been deported in violation of 8 U.S.C. § 1326, and to one count of conspiracy to possess with intent to distribute cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the alternative, Jaimes-Jurado asked the district court to characterize his original notice of appeal as a timely 28 U.S.C. § 2255 motion and to reinstate that proceeding.

The district court determined that it lacked authority to reinstate Jaimes-Jurado's criminal appeal under Rule 60(b)(6) because the Federal Rules of Civil Procedure do not apply to criminal cases. The district court also refused to construe Jaimes-Jurado's notice of appeal as a timely § 2255 motion. The district court denied Jaimes-Jurado's motion to appeal IFP and certified that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a).

By moving for IFP, Jaimes-Jurado is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202-03 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Probable success on the merits is not required. Id.

Jaimes-Jurado indicates that he would appeal the district court's denial of his Rule 60(b)(6) motion on the basis that his sentence was an unlawful upward departure not covered by the appeal waiver included in his plea agreement. He also complains that his attorney did not withdraw properly from the case before his appeal was dismissed for want of prosecution. These arguments do not address the basis of the district court's denial of his Rule 60(b)(6) motion, but are directed to the merits of his underlying claims. We cannot review the underlying merits of a case on the appeal of the denial of a Rule 60(b) motion; review is limited to the grounds for the denial of the Rule 60(b) motion itself. Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 159 (5th Cir. 1990).

In addition, the district court's denial of Jaimes-Jurado's Rule 60(b)(6) motion, which would be reviewed for abuse of discretion, was sound. See Warfield v. Byron, 436 F.3d 551, 555 (5th Cir. 2006). The district court properly reasoned that it lacked authority to reinstate Jaimes-Jurado's criminal appeal under Rule 60(b) because the Federal Rules of Civil Procedure do not apply to criminal cases. United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). The district court did not abuse its discretion in refusing to construe his prior notice of appeal as a timely § 2255 motion because Jaimes-Jurado failed to identify any "extraordinary circumstances" justifying Rule 60(b)(6) relief. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995).

Jaimes-Jurado's appeal of the district court's denial of his Rule 60(b)(6) motion is not taken in good faith and is therefore frivolous. See Baugh, 117 F.3d at 202 & n.24; Howard, 707 F.2d at 220. Accordingly, his motion to proceed IFP on appeal is denied and the appeal is dismissed. 5TH CIR. R. 42.2; Howard, 707 F.2d at 219-20.

IFP DENIED; APPEAL DISMISSED.