IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-60321
Summary Calendar

PAUL S SILVAS

Plaintiff - Appellant

V.

REMINGTON OIL & GAS CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CV-893

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Paul Silvas appeals on his own behalf the district court's decision to deny his Rule 60(b) motion to re-open his case against Remington Oil and Gas Corporation. For the reasons that follow, we affirm.

Silvas first contends that the district court misconstrued his Rule 60 motion as a motion for summary judgment. To support his contention, Silvas points to the fact that the district court's order appearing on its docket sheet

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provides, in part, the following: "TEXT ONLY ORDER denying Plaintiff's 56 Motion for Leave to File a Supplement Motion for Review as frivolous." Silvas contends that the inclusion of the number 56 meant that the district court mistreated his motion as a motion for summary judgment since Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. As Remington observes, however, the "56" on the docket sheet is a cross-reference to entry 56—the entry immediately preceding the district court's order entry—which is the docket entry corresponding to Silvas's Rule 60 motion. In other words, by including the "56" in its order, the district court was merely identifying by docket number the motion that it denied. Silvas, a non-attorney, was justifiably confused by the docket-sheet jargon. We are confident, however, that the district court properly considered Silvas's motion as a Rule 60 motion.

Silvas next contends that, even if the district court properly treated his motion as a Rule 60 motion, it erred in denying it. We review the denial of a Rule 60 motion for an abuse of discretion. New Hampshire Ins. Co. v. Martech USA, Inc., 993 F.2d 1195, 1200 (5th Cir. 1993). There was no abuse of discretion here. In 2004, the district court dismissed Silvas's lawsuit against Remington, determining that Silvas had failed to include an indispensable third-party. We subsequently upheld that dismissal. Two years later, the Louisiana Supreme Court issued an opinion in Barnhill v. Remington Oil & Gas Corp. that arguably supports Silvas's contention that he actually had a valid cause of action in his initial suit (although Barnhill did not speak to the issue of whether the third-party in Silvas's case was indispensable). 928 So. 2d 539 (La. 2006). It is based on Barnhill that Silvas now claims that the district court should (under Rule 60(b) of the Federal Rules of Civil Procedure) re-open his case against Remington. But this court has long recognized that a subsequent change in the law is not sufficient, in and of itself, to justify allowing a litigant to re-open a case under Rule 60. See, e.g., Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160

(5th Cir. 1990). Put simply, even if Silvas is right that he would win in his suit against Remington under the current state of the law, the district court would not be required to let him re-litigate this case all of these years later. Moreover, to the extent that Silvas claims the district court should have re-opened the case for another reason, the district court did not abuse its discretion in refusing to accede to that request. See id.

AFFIRMED.