**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2012

Lyle W. Cayce
Clerk

No. 12-70030

ANTHONY CARDELL HAYNES

Petitioner - Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Anthony Cardell Haynes was convicted of shooting and killing an off-duty police officer and sentenced to death. Subsequently, Haynes unsuccessfully sought state and federal habeas review of his sentence. Among his claims, Haynes argued that his trial counsel provided ineffective representation under *Strickland v. Washington*, 566 U.S. 668 (1984), in the preparation and presentation of mitigation evidence.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2007, the district court denied relief based on Haynes's failure to exhaust his remedies in state court. Haynes had raised most of his claims, including his *Strickland* claim, for the first time in federal court. In arguing that the district court should consider his unexhausted claims, Haynes asserted exceptions to the procedural bar doctrine in order to overcome his failure to exhaust. Under *Coleman v. Thompson*, 501 U.S. 722 (1991), Haynes argued, the district court was allowed to hear his barred claims because he "[could] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Id.* at 750. Chiefly, Haynes argued that his state habeas counsel had failed to raise his ineffective-assistance-of-trial-counsel claim. However, the court relied on Fifth Circuit precedent, which provided that ineffective assistance of habeas counsel may not provide cause for a procedural default and that, therefore, federal law barred the district court from reviewing Haynes's unexhausted claims. The district court also reviewed, in the alternative, the merits of Haynes's ineffective assistance claim and held that the purported deficient performance would not entitle him to relief, even if the claim was not barred.[1]

Haynes then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Haynes argued that the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), entitles him to relief. In *Martinez*, the Supreme Court held that deficient performance by a petitioner's state habeas counsel may constitute cause under *Coleman v. Thompson*. The Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a

---

[1] The district court also considered, and rejected under the Antiterrorism and Effective Death Penalty Act of 1996, Haynes's claims that were available for review.

> procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Because petitioners in Arizona were required to raise claims of ineffective assistance of trial counsel on state habeas review, deficient performance by state habeas counsel may excuse an otherwise valid procedural bar. *See id.*

However, the district court denied Haynes's Rule 60(b)(6) motion. First, relying on *Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012), it concluded that Haynes could not rely on *Martinez* because, unlike capital habeas petitioners in Arizona, Texas inmates may raise *Strickland* claims via a motion for a new trial or on direct appeal. Second, relying on *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012), it held that *Martinez* did not constitute an extraordinary circumstance allowing the reopening of judgment under Rule 60(b)(6). Third, it held that it had already adjudicated the merits of Haynes's ineffective assistance claim and that as a result "the relief requested has already been granted" and Haynes had failed show the requisite prejudice to overcome a procedural bar.

In *Ibarra*, a panel of this court held that *Martinez*'s equitable exception does not apply to Texas capital habeas petitioners. As another panel confronting the same issue reasoned:

> The insurmountable hurdle that [Haynes] encounters is that the *Ibarra* decision is a controlling precedent of this court. This panel "cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting *en banc.*" *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

*Balentine v. Thaler*, No. 12-70023, Slip Op. at 6 (5th Cir. Aug. 17, 2012). *Ibarra* is controlling precedent. Accordingly, we hold that it forecloses the relief Haynes seeks.

We therefore DENY Haynes's application for a certificate of appealability and DENY as moot his motion for a stay of execution pending appeal.

DENNIS, Circuit Judge, dissenting:

Anthony Cardell Haynes is scheduled to be executed by the State of Texas shortly after 6:00 p.m. next Thursday, October 18. His ultimate claim is that his trial counsel was ineffective for failing to adequately investigate and present mitigation evidence at the penalty phase of his trial.

Contrary to the majority's view, I believe that Haynes has made a showing sufficient to warrant both a stay of execution pending appeal and a certificate of appealability ("COA") entitling him to proceed further. I also believe, given that the Supreme Court has stayed the execution of a petitioner raising precisely the same claim as Haynes and in precisely the same posture, *see Balentine v. Thaler*, No. 12-5906 (12A173), 2012 WL 3599235, at *1 (Aug. 22, 2012), that the stay of execution Haynes requests should be granted. Therefore, I respectfully dissent.

## BACKGROUND

### I.

Haynes was convicted of shooting and killing an off-duty police officer and sentenced to death.[1] At the time of his trial, Haynes was young, had no arrest or conviction record, and had previously had no run-ins with law enforcement. In fact, the state's case at the penalty phase of the trial focused on testimony regarding robberies that had occurred on the same night as the shooting. The defense presented little mitigating evidence. Haynes's father, grandmothers, a minister who was a colleague of Haynes's father, and a staff chaplain who spoke to Haynes's good behavior while Haynes was in jail awaiting trial testified. However, the state's evidence that Haynes's performed poorly in the Reserve

---

[1] It should be noted that nothing in the appearance of the officer, when he approached Haynes, indicated that he was a member of the police. Moreover, although Haynes admitted to shooting the officer, he argued that he did not know that he was a police officer and that he fired because he believed the officer, who had reached for something in his back pocket, was reaching for a gun.

Officers' Training Corps ("ROTC") and that he had a history of violence were not effectively challenged despite readily-available witnesses and evidence to the contrary, including the head of Haynes's ROTC program who would have rebutted the state's story of Haynes's engagement with the program.

Federal habeas counsel has compiled the declarations of thirty-nine witnesses who would have testified on Haynes's behalf at the penalty phase. These witnesses—family, friends, teachers, and neighbors of Haynes's—were prepared to offer evidence in mitigation of the crime; to speak to Haynes's good character; to testify to his low risk of future dangerousness; to explain, rebut, or discredit the evidence the state had put on; and to otherwise respond to the state's weak evidence at the penalty phase. Haynes had no criminal record, arrests, or prior convictions and was well liked among his family, friends, acquaintances, and teachers. Nonetheless, these thirty-nine witnesses were either never contacted by Haynes's trial counsel or never asked to testify on his behalf.

## II.

After his trial and direct appeal, Haynes unsuccessfully sought state and federal habeas review of his sentence. Among his claims, Haynes argued that his trial counsel provided ineffective representation under *Strickland v. Washington*, 566 U.S. 668 (1984), in the preparation and presentation of mitigation evidence because he failed to discover the thirty-nine witnesses that Haynes now seeks to call. Since filing his federal petition in 2005, Haynes has acknowledged his procedural default but consistently argued that the substandard performance of his state habeas counsel should excuse it.

In 2007, the district court denied relief based on Haynes failure to exhaust his remedies in state court. Haynes raises most of his claims, including his *Strickland* claim, for the first time in federal court. In arguing that the district

6

court should consider his unexhausted claims, Haynes asserted exceptions to the procedural bar doctrine in order to overcome his failure to exhaust. Under *Coleman v. Thompson*, 501 U.S. 722 (1991), Haynes argued, the district court was allowed to hear his barred claims because he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Id.* at 750. Chiefly, Haynes argued that his state habeas counsel had failed to raise his ineffective-assistance-of-trial-counsel claim. However, the federal district court, relying on Fifth Circuit precedent which provided that ineffective assistance of habeas counsel may not provide cause for a procedural default, concluded that federal law barred the court from reviewing Haynes's unexhausted claims.[2]

Haynes then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Haynes argued that the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), warrants relief from judgment. However, the district court denied relief.

### III.

In *Martinez*, the Supreme Court recognized a new basis to excuse a state prisoner who has brought federal habeas ineffective-assistance-of-trial-counsel claims from being held procedurally barred for failing to present those claims in state court. *See* 132 S. Ct. at 1315. Thus, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

---

[2] The district court also considered, and rejected under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Haynes's claims that were available for review.

*Id.* at 1320. The *Martinez* Court explained that, often, an "initial-review collateral proceeding [is] a prisoner's 'one and only appeal' as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings." *Id.* at 1315 (citation omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 755 (1991)).[3] The equitable exception the Court carved out was necessary, the Court said, "[t]o protect prisoners with a potentially legitimate claim of ineffective-assistance of trial counsel." *Id.* *Martinez*, it should be noted, was "a repudiation of the longstanding principle governing procedural default, which *Coleman* and other cases consistently applied." *Id.* at 1324 (Scalia, J., dissenting).

## IV.

Because Texas does not by law prohibit the bringing of ineffective-assistance-of-trial-counsel claims on direct appeal from a conviction as did Arizona in *Martinez*, a panel of this court in *Ibarra v. Thaler* held that *Martinez* did not create an equitable exception for relief from convictions in Texas state courts. 687 F.3d 222, 227 (5th Cir. 2012).

Judge Graves dissented on this point. *Id.* at 227-28 (Graves, J., concurring in part and dissenting in part). He reasoned that the *Ibarra* majority's decision depends on interpreting "initial-review collateral proceedings" to mean *state-mandated* initial-review collateral proceedings. *Id.* at 228. However, the *Martinez* Court included no such qualification in announcing the exception. *See id.*

Judge Graves argued that in Texas, although "not a state where you must raise [ineffective-assistance-of-trial-counsel] claims in collateral proceedings,"

---

[3] The Court determined that *Martinez* was "not the case, however, to resolve whether that exception exists as a constitutional matter." *Id.*

collateral proceedings "[are] the preferred and encouraged method" for raising such claims. *Id.* at 229. Thus, "[t]here clearly are instances where a collateral proceeding will be the 'first occasion' to legitimately raise a claim of ineffective assistance of trial counsel in Texas." *Id.*

## DISCUSSION

### I.

Under AEDPA, a petitioner must obtain a COA before an appeal may be taken in the circuit court. 28 U.S.C. § 2253(c); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA is warranted when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, resolution of the claims raised turns on a procedural issue, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Haynes has demonstrated this much and a COA is warranted to enable this court to further consider the merits of Haynes's claims.

### A.

Under *Martinez*, a petitioner may overcome a procedural default if he "demonstrate[s] that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." 132 S. Ct. at 1318-19 (citing *Miller-El*, 537 U.S. at 322). The evidence that Haynes has presented regarding the constitutionally deficient performance of his trial counsel and state habeas counsel meets this standard. Because he has shown that his underlying ineffective-assistance-of-trial counsel claim "has some merit," he is entitled to a COA allowing him to proceed further. First, Haynes's trial counsel presented very little in the way of

mitigating evidence during the penalty phase of his trial. Yet Haynes has identified thirty-nine helpful witnesses, residents and members of his community, who would have testified on his behalf, for example, to his lack of future dangerousness, but whom his trial counsel never asked to testify. In fact, Haynes's trial counsel never investigated Haynes's life or community or attempted to contact many of these witnesses. In light of the breadth of the witnesses that Haynes's trial counsel failed to search for and in view of the ways in which these available witnesses, had they been asked to testify during the penalty phase, would likely have aided Haynes and rebutted the state's case, it is difficult to conclude that Haynes's has not made a sufficient showing for a *Strickland* violation as to his trial counsel.

Haynes's state habeas counsel filed Haynes's state habeas petition based solely on the trial record and without any extra-record investigation. Thus, Haynes's state habeas counsel failed to comport with the statutory duty Texas imposes on habeas attorneys to conduct a thorough extra-record investigation and identify factual issues that would warrant relief. *See* TEX. CODE CRIM PROC. art. 11.071(3). Had he conducted even a minimal investigation of the trial record, the mitigation evidence that was presented, and the witnesses who could have been discovered, Haynes's state habeas counsel would have unearthed many of the helpful witnesses whose declarations Haynes's federal habeas counsel has compiled. Accordingly, Haynes has advanced arguments, which are supported with an impressive array of evidence, that his trial and state habeas counsel performed deficiently under *Strickland*. This is enough to warrant granting him a COA so that he may proceed further.

B.

The district court determined that a motion for relief from judgment was did not entitle Haynes to the relief he sought. I disagree and believe that this posture does not negate Haynes's claim.

To merit relief under Rule 60(b)(6), a party must show the existence of "extraordinary circumstance." *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). The unique circumstances of Haynes's case constitute the kind of extraordinary circumstances that warrant relief under this rule.

In *Adams v. Thaler*, another Texas capital habeas petitioner sought to take advantage of the Supreme Court's new rule in *Martinez* by filing a motion for relief from judgment pursuant to Rule 60(b)(6). *See* 679 F.3d 312, 316 (5th Cir. 2012). A panel of this court held that relief was unavailable via a Rule 60 motion because "'[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment'" under that rule. *Id.* at 319 (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir.1990) (citations omitted)). Thus, all that *Adams* held is that a change in decisional law may not constitute the kind of extraordinary circumstances that warrant relief under Rule 60 if it is the *sole* basis for such circumstances. *Adams* does not prevent consideration of Haynes's argument.

First, characterizing *Martinez* as a *mere* change in decisional law is inaccurate. *Martinez* did not simply address an unsettled question of statutory interpretation that differed from the appellate court's then-prevailing interpretation. *Compare Gonzalez*, 545 U.S. at 536. Rather *Martinez*'s change in the law represents a remarkable sea change in decades-old precedent—law

11

which lower courts and litigants understood as settled.[4]  *See Martinez*, 132 S. Ct. at 1319; *see also id.* at 1324 (Scalia, J., dissenting) (noting that *Martinez* is "a repudiation of the longstanding principle governing procedural default, which *Coleman* and other cases consistently applied").

Second, as previously suggested, *Adams* is distinguishable.  By way of explanation, Rule 60 relief was not available to the petitioner in *Gonzalez* because he failed to diligently pursue review of his claim on appeal or before the Supreme Court.  *See Gonzalez* 545 U.S. at 537-38.  The same is true of the petitioner in *Adams*, who, in his first federal habeas proceeding, never argued that ineffective assistance of his *state habeas* counsel constituted cause for his procedural default (he instead argued that ineffective assistance of his trial and appellate counsel constituted cause) and who did not raise this issue in his *certiorari* petition.  Rather, only after the Supreme Court decided *Martinez* did Adams raise the issue of his state habeas counsel's performance.  *See Adams v. Thaler*, 679 F.3d at 316.  By contrast, Haynes, since before the Court issued *Martinez*, has diligently pressed, and supported, his claim.  He first raised his claim in his federal habeas petition (*prior to* the Supreme Court's decision in

---

[4] Pre-*Martinez*, that claims of ineffective assistance of habeas counsel could not constitute cause to excuse procedural default was well-established in this circuit, *see In re Goff*, 250 F.3d 273, 276 (5th Cir. 2001) ("[T]he Supreme Court has spoken quite explicitly on this subject . . .and has repeatedly emphasized that ineffective assistance of counsel in a post-conviction proceeding cannot serve as cause to excuse default in a federal habeas proceeding."); *Jones v. Johnson*, 171 F.3d 270, 277 (5th Cir. 1999) (noting that "[this] law is well-established"), as well as every other circuit, *see Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir. 2009); *Yeboah-Sefah v. Ficco*, 556 F.3d 53, 75 (1st Cir. 2009); *Mize v. Hall*, 532 F.3d 1184, 1191 (11th Cir. 2008); *Smith v. Baldwin*, 510 F.3d 1127, 1146-47 (9th Cir. 2007); *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007); *Anderson v. Sirmons*, 476 F.3d 1131, 1141 n.9 (10th Cir. 2007); *Szabo v. Walls*, 313 F.3d 392, 397 (7th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 516 (6th Cir. 2000); *Smith v. Angelone*, 111 F.3d 1126, 1133 (4th Cir. 1997); *Hull v. Freeman*, 991 F.2d 86, 91 (3d Cir. 1993).  *Martinez* changed all this.  *See* 132 S. Ct. at 1316-18; *id.* at 1324 (Scalia, J., dissenting).

*Martinez*) and, unlike the petitioner in *Gonzalez*, Haynes appealed the district court's adverse ruling. *See Haynes v. Quarterman*, 526 F.3d 189, 191 (5th Cir. 2008). Furthermore, the petitioner in *Adams* failed to explain and did not argue the merits of his argument for cause. Again, by contrast, Haynes has presented thorough documentation of his very substantial mitigation evidence that could have, but was not, presented at the penalty phase of his trial.

Third, as previously discussed, Haynes's claims of ineffective assistance of counsel have sufficient merit to warrant relief under Rule 60(b)(6). *See id.* at 195 (noting that the mitigation evidence Haynes seeks to present is "significant"). Accordingly, unlike the petitioners in *Gonzalez* and *Adams*, Haynes has demonstrated the kind of extraordinary circumstances that permit relief under Rule 60, and this court's prior opinion in *Adams* does not provide otherwise.

## C.

*Ibarra* held that *Martinez* did not create an equitable exception for relief from convictions in Texas state courts. 687 F.3d at 227. However, *Ibarra* is distinguishable and, in light of *Martinez* and in view of the reality of Texas capital habeas procedure, the premises on which *Ibarra* rests are highly questionable. This is enough to warrant granting Haynes the COA he requests in order to further consider his ineffective-assistance-of-trial-counsel claim.

### 1.

The panel in *Ibarra* provided a "short summary" of the facts underpinning Ibarra's claim, *id.* at 224, and these are enough to distinguish *Ibarra* from the case here. Ibarra claimed that his counsel "virtually abandoned their duty to prepare for sentencing" and instead focused exclusively on an innocence defense. *Id.* (internal quotation marks omitted). Ibarra's argument, however, was that

his trial counsel presented only two social history witnesses—his wife and a sibling—and this, in and of itself, rendered his attorney's performance constitutionally deficient. *Id.* Ibarra appears to have made no investigation and advanced no argument regarding witnesses who should have been called, could have been called, and would have helped his case. By contrast, Haynes has prepared an impressive roster of thirty-nine witnesses that were never asked to testify in his defense during the penalty phase of his trial. In other words, *Ibarra* had no opportunity to reach the question of whether *Martinez*'s equitable exception applies to Texas capital habeas petitioners who, because of the circumstances of their claim, cannot raise an ineffectiveness claim outside of collateral proceedings. In fact, the petitioner in *Ibarra* argued only that *Martinez* should apply to *every* Texas capital habeas petitioner. *Ibarra* thus had no opportunity to consider the realities of Texas capital habeas procedure, discussed more fully below, or the nature of the vast majority of ineffective-assistance-of-trial-counsel claims.

Because of this, I continue to believe that this court's decision in *Ibarra* would benefit from further consideration for the same reasons I stated in my dissent from the denial of rehearing *en banc* in *Balentine v. Thaler*. *See* 692 F.3d 352, 353 (5th Cir. 2012) (Dennis, J., dissenting from the denial of rehearing *en banc*); *see also id.* at 355 (Higginson, J., dissenting from the denial of rehearing *en banc*). For now, though, it is enough to state that I believe *Ibarra* does not prevent granting Haynes the COA he has requested in order to further consider the merits of his claim.

2.

In *Martinez*, Justice Scalia, in dissent, observed:

> The Court . . . seeks to restrict its holding to cases in which
> the State has "deliberately cho[sen]" to move the asserted claim

14

> "outside of the direct-appeal process[.]"  That line lacks any principled basis, and will not last.  Is there any relevant difference between cases in which the State says that certain claims can only be brought on collateral review and cases in which those claims *by their nature* can only be brought on collateral review, since they do not manifest themselves until the appellate process is complete?

*Martinez*, 132 S. Ct. at 1321 n.1 (internal citations omitted).  I find myself in agreement with Justice Scalia and believe that there is no principled basis to distinguish and disfavor claims that by their nature can only be brought on collateral review.  In particular, Haynes's ineffective-assistance-of-trial counsel claim is the kind of claim which "by their nature can only be brought on collateral review, since they do not manifest themselves until the appellate process is complete."  *Id.*  This is because uncovering the constitutionally deficient performance of Haynes's trial counsel required thorough investigation into Haynes's life.  Haynes could not have determined the viability of his ineffective-assistance-of-counsel claim until he was provided an opportunity, *at the state habeas proceeding*, to evaluate the trial record and conduct an investigation.  Such a claim, therefore, "[does] not manifest . . . until brought on collateral review."  *Id.*  Thus, there is no principled distinction between these claims and those that, as in Arizona, must be brought on collateral review.  Because of this and because Texas effectively bars petitioners from raising claims of ineffective assistance of trial counsel that rely on extra-record evidence until the commencement of collateral proceedings, I believe that *Ibarra*'s cabined reading of *Martinez* should be—and likely will be—revisited.

Collateral proceedings that provide the first occasion to adjudicate a *Strickland* claim are initial-review collateral proceedings within the meaning of *Martinez*.  This is because *Strickland*'s two-part test, in nearly every case, may not be satisfied absent the investigation and presentation of extra-record

evidence.  Moreover, because Texas courts presume that trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Ex parte Varelas*, 45 S.W.3d 637, 629 (Tex. Crim. App. 2001), only in the event that trial counsel's deficient performance is patently obvious from the trial record alone will a *Strickland* claim prevail absent extra-record investigation.[5]

Thus, it is under these circumstances that an Article 11.071 proceeding offers the first realistic opportunity a prisoner has to raise a claim of ineffective assistance of trial counsel in Texas.  In part, this is because capitally-sentenced prisoners are virtually required to first raise a claim of ineffective assistance of trial counsel during collateral proceedings.  *See Mata v. State*, 226 S.W.3d 425, 430 n.14 (Tex. Crim. App. 2007) ("As a general rule, one should *not* raise an issue of ineffective assistance of counsel on direct appeal." (internal quotation marks omitted)); *see also Mitchell v. State*, 68 S.W.3d 640, 643 (Tex. Crim. App. 2002) (noting that habeas corpus "is the appropriate vehicle [in Texas] to investigate ineffective-assistance claims"); *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000) (observing that "a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate" a *Strickland* claim).  Furthermore, the vast majority of ineffective assistance of counsel claims may not be reviewed on direct appeal because the alleged deficiencies are not typically "firmly founded in the record" on direct appeal.  *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App.

---

[5] Indeed, the Texas Court of Criminal Appeals recently reversed a lower court for failing to recognize that "direct review is usually an inadequate vehicle for raising . . . a [*Strickland*] claim."  *Menefield v. State*, 363 S.W.3d 591, 592-92 (Tex. Crim. App. 2012); *see also Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003) ("We have held several times that in cases like this 'the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.'").

1999); *see also Ex parte Varelas*, 45 S.W.3d at 629 ("In most cases, the record on direct appeal is 'inadequate to develop an ineffective assistance claim' because 'the very ineffectiveness claimed may prevent the record from containing the information necessary to substantiate a claim.'").    Therefore, collateral proceedings present the first opportunity to raise these claims.  Only "in the *rare case* where the record on direct appeal is sufficient to prove that counsel's performance was deficient[] [should] an appellate court . . . address the claim in the first instance." *Robinson*, 16 S.W.3d at 813 n.7 (emphasis added); *see also Thompson*, 9 S.W.3d at 813 ("Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation.").    That a few petitioners may be able to raise an ineffective assistance of trial counsel claim on direct appeal does not assist the great majority of petitioners who, effectively, are barred from presenting extra-record claims of ineffective assistance until the commencement of the state habeas proceeding.

Haynes's present federal habeas counsel performed a thorough investigation and identified thirty-nine witnesses who would have testified on Haynes's behalf, but were never asked to do so by Haynes's trial counsel.  To insist that this extra-record investigation take place within the parameters of a motion for a new trial or on direct appeal would be inequitable.  It is of little comfort to Haynes and petitioners like him that he "may first raise ineffectiveness claims before the trial court following conviction via a motion for a new trial," *Ibarra*, 687 F.3d at 227, when no *relief* would be available in this posture absent deficient performance that is patently obvious on the trial record. Moreover, the Supreme Court has recognized that "[c]laims of ineffective assistance at trial often require investigative work and an understanding of trial

17

strategy," *Martinez*, 132 S. Ct. at 1317, and Texas provides funding for extra-record investigation only in habeas proceedings, *see* TEX. CODE CRIM. PROC. art. 11.071(3).

Furthermore, requiring claims of ineffective assistance of counsel to be raised via a  motion for a new trial *by the counsel who allegedly performed deficiently* will create grave conflicts of interest, further underscoring *Ibarra*'s incorrect denial of *Martinez*'s holding to Texas capital habeas petitioners.  For example, Texas law prohibits courts from appointing an attorney who has previously been determined to have rendered ineffective assistance in a capital case to act as lead counsel in any capital proceeding absent a finding by a separate committee. TEX. CODE. CRIM. PROC. §§ 11.071(2)(d), 26.052(d).  Under such circumstances, there is little incentive for counsel who has allegedly performed below the standard required by *Strickland* to zealously argue the client's best defense.  *See  Maples v. Thomas*, 132 S. Ct. 912, 925 n.8 (2012) (noting that when a law firm representing a death row inmate missed a crucial filing deadline, "a significant conflict of interest arose" because "the firm's interest in avoiding damage to its own reputation was at odds with [the inmate's] strongest argument—*i.e.*, that his attorneys had abandoned him, therefore he had cause to be relieved from the default").[6]  Additionally, the trial record is typically not available before the filing of a motion for a new trial is due or even during the pendency of such a motion.  *See, e.g.*, TEX R. APP. PROC. 21.4 (requiring that a defendant investigate any claim he wishes to make via a motion for new trial within thirty days of judgment).  Thus, the Texas Court of Criminal Appeals has observed that although "expansion of the record may be

---

[6]  The Texas Rules of Professional Conduct prevent trial counsel from raising a *Strickland* claim against themselves when they would be required to be called as a witness. *See* TEX. DISC. R. PROF. CONDUCT. 1.15(a)(1).

accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial court has generally not been transcribed at this point." *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); *see also Martinez*, 132 S. Ct. at 1318 ("Abbreviated deadlines to expand the record on direct appeal may not allow adequate time for an attorney to investigate the ineffective-assistance claim."). This is particularly the case when relief would require extensive investigation into a petitioner's educational background, family upbringing, and social history. Moreover, Haynes could not have determined that he had a viable ineffective-assistance-of-trial counsel claim until provided an opportunity to evaluate the trial record and investigate and identify the specific mitigating evidence that could have been, but was not, presented at trial. Accordingly, the first real opportunity a petitioner like Haynes has to present an ineffective-assistance-of-trial-counsel claim with the aid of an attorney with access to the information needed to bring the claim is during the state collateral proceeding.

On this basis, I question the premises on which the *Ibarra* panel's opinion was based and continue to believe that the application of *Martinez*'s equitable exception to Texas capital habeas petitioners who seek to raise ineffective-assistance-of-trial-counsel claims and with evidence that should have been discovered and presented at trial and before the state habeas court would benefit from further informed consideration. *See Balentine*, 692 F.3d at 353 (Dennis, J., dissenting from the denial of rehearing *en banc*); *see also id.* at 355 (Higginson, J., dissenting from the denial of rehearing *en banc*).

## II.

At the very least, Haynes's imminent execution should be stayed because the Supreme Court has stayed the execution in a factually-indistinguishable

appeal, *Balentine v. Thaler*, No. 12-5906 (12A173), 2012 WL 3599235, at *1 (Aug. 22, 2012), while it considers whether to grant certiorari on the same issue that Haynes now presents, namely whether the equitable exception the Court carved out in *Martinez* applies to Texas capital habeas petitioners and therefore entitles Haynes to relief.

In *Balentine*, the petitioner claimed that his trial counsel failed to investigate and develop "mitigation and risk assessment evidence at all." *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir. 2010). A panel of this court, however, held that Balentine had failed to present this claim in his initial state habeas application and had also failed to secure a ruling on the merits; because of this, the panel ruled that his claim was procedurally barred. *Id.* at 848, 849-567. In light of *Martinez*, Balentine filed a Rule 60(b)(6) motion in the district court, which the district court denied. *Balentine v. Thaler*, No. 12-70023, Slip Op. at 4 (5th Cir. August 17, 2012). Balentine then sought a COA from this court, but the panel concluded that *Ibarra* was controlling and therefore affirmed the district court's denial of Balentine's Rule 60(b) motion.

The procedural posture of *Balentine* cannot be distinguished from the posture with which we are confronted here. Haynes's ultimate claim is that he was denied ineffective assistance of trial counsel because of his attorney's failure to adequately investigate and present mitigation evidence at the punishment phase of his trial. The district court, however, concluded that this claim was unexhausted and therefore procedurally barred. In light of *Martinez*, Haynes filed a motion for relief from judgment, arguing that the Supreme Court's decision entitles him to the relief he seeks. The district court denied his motion, and Haynes now seeks a COA from this court.

In light of Haynes's imminent execution date and because the Supreme Court has stayed the execution of a petitioner raising precisely the same claim and in precisely the same posture, *see Balentine*, 2012 WL 3599235, at *1, it would be inequitable to deny Haynes the stay he seeks while we await further direction from the Supreme Court on this important issue.

## CONCLUSION

For the foregoing reasons, I would grant Haynes's application for a COA and stay his execution pending appeal.  I respectfully dissent.