Gilmar Alexander GUEVARA,
Petitioner–Appellant,

v.

Lorie DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.

No. 16-70004

United States Court of Appeals,
Fifth Circuit.

Filed February 9, 2017

Lee Benjamin Kovarsky, Esq., University of Maryland Law School, Baltimore, MD, Thomas S. Berg, Esq., Mallett Saper Berg, L.L.P., Houston, TX, for Petitioner-Appellant

Katherine D. Hayes, Assistant Attorney General, Office of the Attorney General, Criminal Appeals Division, Austin, TX, for Respondent-Appellee

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM: *

Gilmar Alexander Guevara requests that this court grant a certificate of appealability (COA) to review the district court's denial of his Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. Because no reasonable jurist could conclude that the district court abused its discretion in denying the motion, we deny the application for a COA.

I

Guevara was convicted of capital murder and sentenced to death in Texas state court in 2001. After unsuccessfully appealing,[1] he filed a state post-conviction application. Before the Texas Court of Criminal Appeals (TCCA) had ruled on the post-conviction application, he filed a subsequent application raising additional claims based on *Atkins v. Virginia*, which prohibits the imposition of the death penalty when a defendant is intellectually disabled.[2] He asserted that he could make a prima facie case for intellectual disability, entitling him to an evidentiary hearing on the issue. The TCCA dismissed the subsequent application as an abuse of the writ because the application failed to meet any one of the exceptions provided in Texas Code of Criminal Procedure art. 11.071,

§ 5(a) that would permit a subsequent application to be filed.[3]

Guevara filed a federal habeas petition in 2008, again raising an *Atkins* claim. The district court construed the TCCA's dismissal of Guevara's *Atkins* claim as a ruling on the merits, allowing consideration of the claim on federal habeas.[4] The court acknowledged that it should not review the claim with deference to the state court through the lens of the Antiterrorism and Effective Death Penalty Act (AEDPA)[5] if the "state court dismisse[d] a prima facie valid *Atkins* claim without having afforded the petitioner an adequate opportunity to develop the claim."[6] Thus, the district court first determined whether Guevara had made a prima facie claim of intellectual disability.[7] The court concluded that "the evidence Guevara put before the state court did not make a prima facie showing."[8] The court then reviewed the claim under AEDPA, which allows relief only if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[9] Because Guevara made his intellectual disability claim in a successive habeas petition, the Texas court would review the claim only if he made "a

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See Guevara v. State*, 97 S.W.3d 579, 584 (Tex. Crim. App. 2003).

2. 536 U.S. 304, 321, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

3. *Ex parte Guevara*, Nos. WR–63,926–01, WR–63,926–02, 2007 WL 1493152 (Tex. Crim. App. May 23, 2007) (per curiam).

4. *Guevara v. Thaler*, No. 08–1604, slip op. at 9 (S.D. Tex. Sept. 25, 2014); *see Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) ("A

federal court is precluded from considering a state prisoner's habeas petition if the underlying state decision rests on an adequate and independent state ground, such as a state procedural bar.").

5. 28 U.S.C. § 2254(d)(2).

6. *Guevara*, No. 08–1604, slip op. at 9–10 (citing *Blue v. Thaler*, 665 F.3d 647, 657 (5th Cir. 2011)).

7. *Id.* at 11–21.

8. *Id.* at 11.

9. *Id.* at 21 (quoting 28 U.S.C. § 2254(d)(2)).

*threshold* showing of evidence that would be at least *sufficient* to support an ultimate conclusion, by clear and convincing evidence, that no rational factfinder would fail to find mental retardation."[10] The district court concluded that "[u]nder AEDPA's deferential standards ... Guevara has not shown that his *Atkins* claim entitles him to habeas relief."[11]

Guevara moved for a COA in this court.[12] We agreed with the district court that "Guevara did not make a prima facie case for an intellectual disability," and "[t]hus, the district court properly analyzed this claim under the AEDPA."[13] We denied the COA, concluding that "reasonable jurists could not debate the underlying constitutional claim."[14]

Fourteen months later, Guevara filed a Rule 60(b)(6) motion in the district court to reopen and reverse the prior ruling. The district court denied the motion and declined to issue a COA.[15] Guevara filed a notice of appeal with this court.

## II

Guevara asks that this court issue a COA to review the district court's denial of Rule 60(b)(6) relief. Rule 60(b)(6) permits a court to relieve a party from a final judgment for "any ... reason that justifies

relief."[16] "While Rule 60(b)(6) is commonly referred to as a 'grand reservoir of equitable power to do justice,' the rule is only invoked in 'extraordinary circumstances.' "[17] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion."[18]

We lack authority to entertain an appeal of an adverse final order in a habeas case unless a circuit justice or judge certifies the appeal by issuing a COA,[19] and we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."[20] When a petition is denied on procedural grounds,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[21]

On Guevara's motion for a COA, "we must determine whether a jurist of reason could conclude that the district court's denial of [the] motion was an abuse of discre-

10. *Id.* at 4; *Ex parte Blue*, 230 S.W.3d 151, 163 (Tex. Crim. App. 2007) (citing Tex. Code Crim. Proc. art. 11.071 § 5(a)(3)).

11. ROA.1321.

12. *Guevara v. Stephens*, 577 Fed.Appx. 364, 365–66, 373 (5th Cir. 2014) (per curiam), *cert. denied*, —— U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 767 (2015).

13. *Id.* at 373.

14. *Id.*

15. *Guevara v. Stephens*, No. H–08–1604, 2016 WL 305220 (S.D. Tex. Jan. 26, 2016).

16. Fed. R. Civ. P. 60(b)(6).

17. *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010)).

18. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (per curiam) (internal quotation marks omitted) (alteration in original) (quoting *Rocha*, 619 F.3d at 400).

19. 28 U.S.C. § 2253(c)(1).

20. *Id.* § 2253(c)(2).

21. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

tion."[22]

Because Guevara has been sentenced to death, "any doubts as to whether a COA should issue must be resolved in [his] favor."[23]

## III

The core of Guevara's claim is that the district court, when deciding Guevara's original habeas petition, did not use the correct evidentiary standard in evaluating whether Guevara had made a prima facie case of intellectual disability. Guevara acknowledges that the district court identified the appropriate controlling precedent, but argues that, although the district court "gestur[ed] superficially towards the prima facie standard," the court "required him to *prove* [intellectual disability]—and allowed evidentiary inferences to be drawn against him."

Guevara advanced similar arguments in his prior appeal to this court, arguing that the district court, in determining that he had not made the requisite showing, improperly "conducted a deep dive, weighed the evidence, and resolved many questions of fact against Mr. Guevara." We disagreed, stating "Guevara did not make a prima facie case for an intellectual disability."[24] We denied a COA, and the Supreme Court denied *certiorari*.[25]

Guevara's Rule 60(b)(6) motion pressed the same argument. Guevara argued that a recent Supreme Court decision, *Brumfield*

*v. Cain*,[26] "together with the capital status of his case and the strength of his underlying *Atkins* claim, constituted 'extraordinary circumstances' warranting Rule 60(b)(6) relief." Guevara contends that *Brumfield* "affirmed the argument that Mr. Guevara has made throughout this litigation—that Mr. Guevara was entitled to federal merits review because the district court misapplied the evidentiary standard in its screening phase analysis."

In *Brumfield*, the Supreme Court held that a Louisiana state habeas court had improperly denied an inmate an *Atkins* hearing, such that the court's disposition was "based on an unreasonable determination of the facts in light of the evidence presented" and thus not entitled to deference under 28 U.S.C. § 2254(d)(2).[27] The Supreme Court reasoned that although the controlling Louisiana precedent, *State v. Williams*,[28] required only that an inmate raise a "reasonable doubt" as to his intellectual disability for a hearing to be necessary, the state court had unreasonably dismissed evidence of a possible intellectual disability.[29]

Guevara acknowledges that *Brumfield* does not require that all states use the "reasonable doubt" standard Louisiana used. He instead states that "[u]nder *Brumfield*, a federal court is supposed to evaluate the reasonableness of the state screening determination by reference to the state screening standard." Guevara simply argues the *Brumfield* decision "af-

**22.** *Hernandez*, 630 F.3d at 428.

**23.** *Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006) (alteration in original) (citing *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)).

**24.** *Guevara v. Stephens*, 577 Fed.Appx. 364, 373 (5th Cir. 2014) (per curiam), *cert. denied*, —— U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 767 (2015).

**25.** *Id.*

**26.** —— U.S. ——, 135 S.Ct. 2269, 192 L.Ed.2d 356 (2015).

**27.** *Id.* at 2273, 2276 (internal quotation marks omitted) (quoting 28 U.S.C. § 2254(d)(2)).

**28.** 831 So. 2d 835 (La. 2002).

**29.** *Brumfield*, 135 S.Ct. at 2281–82.

firmed" that the district court erred in his case by misapplying the prima facie standard. However, Guevara's argument misconstrues the district court's original opinion.

The district court found both that Guevara did not make a prima facie case of intellectual disability[30] and that, under AEDPA's deferential standards, the TCCA "was not unreasonable in finding that Guevara had not shown that he was mentally retarded."[31] Guevara appears to ignore the district court's first finding that Guevara did not make a prima facie showing, and instead cites to language in the second that he "had not shown" that he was intellectually disabled. In prior proceedings, we concluded that the district court correctly determined that Guevara did not make a prima facie case.[32] *Brumfield* does not alter that conclusion.

Even if *Brumfield* were a change in decisional law that benefited Guevara, " '[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment' under Rule 60(b)(6)."[33] Guevara, acknowledging that a change in decisional law is "insufficient *without more* to justify Rule 60(b)(6)

relief,"[34] urges us to consider other factors that he claims together create exceptional circumstances. He points to the strength of his underlying claim, his diligence, and the capital nature of his sentence, along with the district court's alleged prima facie error.

Guevara presents no reason to change our assessment of these additional factors. We have already considered the strength of his underlying *Atkins* claim, concluding that he did not make a prima facie case.[35] Though "any doubts as to whether a COA should issue must be resolved in [his] favor"[36] because of his capital sentence, there are no doubts here. Even when taking each factor together as a whole, a reasonable jurist could not conclude that the district court abused its discretion in finding that these circumstances were not extraordinary.

\* \* \*

For the foregoing reasons, the motion for a COA is DENIED.

---

**30.** *Guevara v. Thaler*, No. 18–1604, slip op. at 9–21 (S.D. Tex. Sept. 25, 2014).

**31.** *Id.* at 23.

**32.** *Guevara v. Stephens*, 577 Fed.Appx. 364, 373 (5th Cir. 2014) (per curiam), *cert. denied*, —— U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 767 (2015).

**33.** *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011) (per curiam) (alteration in original) (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).

**34.** *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995).

**35.** *Guevara*, 577 Fed.Appx. at 373 ("In state habeas proceedings he presented no full-scale results from an accepted IQ test. He present-

ed a full-scale IQ score of 77 on one test, the TONI–2, which Texas courts do not find to be a valid measure of intellect. On various sections of various other IQ tests, his scores ranged from 60 to 91. He presented no evidence at all that any intellectual disability he had appeared before the age of 18. His expert's evidence conflicted with much of the other evidence presented about Guevara's intellectual abilities, such as his ability to excel at various jobs and learn new skills." (citation omitted)).

**36.** *Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006) (alteration in original) (citing *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)).